

ORIGINAL

1 ROBERT A. BUSH (SBN 65357)
rbush@BushGottlieb.com
2 IRA L. GOTTLIEB (SBN 103236)
igottlieb@BushGottlieb.com
3 JASON WOJCIECHOWSKI (SBN 263911)
jasonw@BushGottlieb.com
4 BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
5 A Law Corporation
500 North Central Avenue, Suite 800
6 Glendale, California 91203-3345
Telephone: (818) 973-3200
7 Facsimile: (818) 973-3201

8 Attorneys for Screen Actors Guild –
American Federation of Television and
9 Radio Artists

FILED
CLERK, U.S. DISTRICT COURT
OCT 30 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10

## UNITED STATES DISTRICT COURT

11

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13 BERNADETTE PAULEY, an
14 individual, on behalf of herself and all
others similarly situated,
15
Plaintiff,
16
vs.
17
CF ENTERTAINMENT, a California
18 corporation; COMICS UNLEASHED
PRODUCTIONS, INC., a California
19 corporation; ENTERTAINMENT
STUDIOS, INC., a California
20 corporation; BYRON ALLEN FOLKS,
an individual; SCREEN ACTORS
21 GUILD – AMERICAN FEDERATION
OF TELEVISION AND RADIO
22 ARTISTS, a California corporation; and
DOES 2 through 100 inclusive,
23
Defendants.
24

CASE NO. CV 13 - 08012-RSWL (JCGx)

**NOTICE OF REMOVAL**



PAID
OCT 30 2013
Clerk, U.S. District Court

25 TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

26 CENTRAL DISTRICT OF CALIFORNIA:

27 Defendant Screen Actors Guild – American Federation of Television and

28 Radio Artists ("SAG-AFTRA" or "Defendant") gives notice of the removal of this

449987.1 11840-23014

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

action from the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. § 1446. Defendant alleges as follows:

1.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 1441.

2.     On or about October 1, 2013, Plaintiff Bernadette Pauley ("Plaintiff") filed a Second Amended Complaint in the above-captioned matter in the Superior Court of the State of California for the County of Los Angeles, Case Number BC498021. A true and correct copy of the Second Amended Complaint, Summons, and Minutes of Telephonic Conference are attached hereto and incorporated by reference as Exhibit A. All other documents filed with the Superior Court are attached hereto and incorporated by reference as Exhibit B, with the exception of the following which are listed on the Superior Court's docket but are unavailable:

a.     CCP 170.6 Application filed by Plaintiff filed December 28, 2012;

b.     Initial Status Conference Order filed February 28, 2013;

c.     Proofs of Service/Summons regarding Comics Unleashed Productions, Inc., CF Entertainment, and Entertainment Studios, Inc., all filed March 19, 2013;

d.     Return of Service of Summons and Complaint and Proof-Service/Summons filed March 27, 2013; and,

e.     Joint Statement re: Motion to Compel Arbitration Hearing Continued and Motion for Leave to Amend Hearing and Proof of Service of same filed September 23, 2013.

3.     Defendant SAG-AFTRA was served with the Second Amended Complaint, Summons, and Minutes of Telephonic Conference on or about October 3, 2013. Defendant SAG-AFTRA was not served with any other documents in this case.

4.      Plaintiff in her Second Amended Complaint alleges that she was a member of the American Federation of Television and Radio Artists ("AFTRA"), a predecessor of SAG-AFTRA, and an employee of CF Entertainment, Entertainment Studios, Inc., Comics Unleashed Productions, Inc., and Byron Allen Folks (collectively, the "Employer Defendants"). Plaintiff alleges that the Employer Defendants were alter egos and joint employers of Plaintiff. Defendant SAG-AFTRA is informed and believed and thereon alleges that at least one of the Employer Defendants was a signatory to a collective bargaining agreement with AFTRA (the "CBA").

5.      AFTRA was the exclusive bargaining representative for employees within the bargaining unit whose terms and conditions of employment are governed by the CBA. The relationships among the collective bargaining parties and member employees, and the duties, if any, owed by SAG-AFTRA to the employees it represents for contract administration purposes, are governed in the United States by the National Labor Relations Act, 29 U.S.C. § 141, *et seq.*, and the collective bargaining agreement.

6.      This action against SAG-AFTRA arises under the federally established duty of fair representation and federal labor law, and therefore may be removed to this Court.

7.      Specifically, Plaintiff claims that the union breached its duty of fair representation in the handling of a grievance concerning the right of Plaintiff to certain payments allegedly owed to them by the Employer Defendants under the CBA. (Second Amended Complaint ¶ 1, page 2, lines 15–21; ¶ 2, page 2, lines 25–26; ¶¶ 80–81, page 15, lines 10–20.) This claim is removable because it is a claim over which this Court may exercise original jurisdiction within the meaning of 28 U.S.C. § 1441(a). *See, e.g., Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1047–48 (9th Cir. 1987); *Madison v. Painters Local 729*, 132 F. Supp. 2d 1244, 1258–59 (C.D. Cal. 2000); *BIW Deceived v. Local S6, Industrial Union of Marine and*

Bush Gottlieb Singer López Kohanski Adelstein & Dickinson
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  *Shipbuilding Workers of America*, 132 F.3d 824, 831 (1st Cir. 1997); *Richardson v.*

2  *Steelworkers*, 864 F.2d 1162, 1169 (5th Cir. 1989). *See also United Steelworkers v.*

3  *Rawson*, 495 U.S. 362, 368 (1990); *Hardine v. Office & Prof'l Employees Int'l*

4  *Union*, 475 Fed. App'x 103, 106 (9th Cir. 2012) (Bea, J., concurring).

5       8.    Thus, this Court has original jurisdiction over this action pursuant to 28

6  U.S.C. § 1331 and the action is removable to this Court pursuant to 28 U.S.C.

7  § 1441(a).

8       9.    This Notice of Removal is timely in that it is filed within 30 days of the

9  first receipt of a copy of the Second Amended Complaint by Defendant SAG-

10  AFTRA. *See* 28 U.S.C. § 1446(b)(3).

11       10.    All other defendants who have been served with Summons and

12  Complaint join in this Notice of Removal.

13  DATED: October 29, 2013            ROBERT A. BUSH
                                       IRA L. GOTTLIEB
14                                     JASON WOJCIECHOWSKI
                                       BUSH GOTTLIEB SINGER LÓPEZ
15                                     KOHANSKI ADELSTEIN & DICKINSON
                                       A Law Corporation
16

17

18

19                          By:  _____
                                       IRA L. GOTTLIEB
20                                     Attorneys for Screen Actors Guild – American
21                                     Federation of Television and Radio Artists

22

23

24

25

26

27

28

449987.1  11840-23014

4

Notice of Removal

# EXHIBIT A

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 01 2013

Sherri R. Carter, Executive Officer/Clerk
By: Tanaya Lewis, Deputy

1  **LAW OFFICES OF MATTHEW J. MATERN**
   MATTHEW J. MATERN, SBN 159798
2  Email: matthewjmatern.mlg@gmail.com
   TAGORE O. SUBRAMANIAM, SBN 280126
3  Email: tagore.mlg@gmail.com
4  3655 Torrance Boulevard, Suite 315
   Torrance, California 90503
5  Tel: (424) 247-1172
   Fax: (424) 247-1173
6

7  Attorneys for Plaintiff, Bernadette Pauley, on behalf of herself
   and all others similarly situated.
8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF LOS ANGELES

11

12 | BERNADETTE PAULEY, an individual, | Case No. BC498021
   | on behalf of herself and all others |
13 | similarly situated, | [Assigned to Hon. Kenneth Freeman]

14              Plaintiffs,          **CLASS ACTION**          BY FAX

15       vs.                         **SECOND AMENDED COMPLAINT FOR:**

16 CF ENTERTAINMENT, a California       1. **Breach of Contract**
   corporation; COMICS UNLEASHED        2. **Failure to Indemnify Employees for**
17 PRODUCTIONS, INC., a California          **Necessary Expenditures**
   corporation; ENTERTAINMENT           3. **Failure to Provide Accurate Itemized**
18 STUDIOS, INC., a California              **Statements to Employees**
   corporation; BYRON ALLEN FOLKS,      4. **Failure to Pay All Wages Due**
19 an individual; SCREEN ACTORS         5. **Unfair Business Practices**
   GUILD - AMERICAN FEDERATION          6. **Fraud and Intentional Deceit**
20 OF TELEVISION AND RADIO              7. **Fraud by Concealment**
   ARTISTS, a California corporation; and 8. **Negligent Misrepresentation**
21 DOES 2 through 100 inclusive,        9. **Breach of Duty of Fair**
                                            **Representation**
22              Defendants.
                                        **REPRESENTATIVE ACTION**
23

24                                      10. **Representative Action for Civil**
                                            **Penalties**
25

26                                      **DEMAND FOR JURY TRIAL**

27

28

                                    -1-
                         SECOND AMENDED COMPLAINT

1    Plaintiff Bernadette Pauley, on behalf of herself and all others similarly situated,
2    hereby submits the following class action complaint.  Upon personal knowledge as to her
3    own acts and status, and upon information and belief as to all other matters, Plaintiff alleges
4    as follows:

### NATURE OF THE ACTION

5
6    1.    Plaintiff and several hundred other actors and comedians worked for Defendants
     Comics Unleashed Productions, Inc., Entertainment Studios, Inc., CF Entertainment, and
7    Byron Allen Folks (collectively "Defendants") on the syndicated television show Comics
8    Unleashed in approximately April 2007 pursuant to a standardized union engagement
9    contract providing each actor with residual payments for subsequent airings of each episode.
10   While working on the show, Plaintiff and putative class members were subjected to repeated
11   violations of the California Labor Code.  Subsequent to its production, the show Comics
     Unleashed went on to become tremendously successful catapulting its creator Byron Allen
12   Folks to celebrity status.  Standing on the shoulders of the shows' success, Defendant Byron
13   Allen Folks and his affiliate corporate entities have become the largest independent
14   producer/distributor of first-run syndicated television programming for broadcast television
15   stations.  To date, Plaintiff and putative class members have not been paid for residual
16   payments as required by their engagement contracts, despite repeatedly complaining to
17   Defendants CF Entertainment, Comics Unleashed Productions, Inc., Entertainment Studios,
18   Inc., and Byron Allen Folks. Moreover Plaintiff and putative class members routinely
     informed their union the Screen Actors Guild – American Federation of Television and Radio
19   Artists of their failure to receive residual payments. Despite being aware of the merits of
20   Plaintiff's and putative class members' grievances, Plaintiff's union arbitrary failed to
21   process its member's grievances in a timely and reasonable manner.
22   2.    Plaintiff brings this lawsuit, on behalf of herself and all other similarly situated
23   individuals, alleging claims for breach of contract, failure to indemnify for necessary
24   expenditures, failure to provide itemized statements, failure to pay all wages due, unfair
25   business practices, fraud and intentional deceit, fraud by concealment, negligent
26   misrepresentation, breach of duty of fair representation, unfair business practices, and a
     representative action for civil penalties.
27   ///
28

<div align="center">-2-</div>
<div align="center">SECOND AMENDED COMPLAINT</div>

**JURISDICTION AND VENUE**

3.   This Court has personal jurisdiction over Defendants because they are residents of and/or doing business in the State of California.  Venue is proper because most of Defendants' wrongful acts and omissions occurred in the County of Los Angeles.

**PLAINTIFF**

4.   Plaintiff, Bernadette Pauley (hereafter sometimes referred to as "Pauley") is a female resident of the State of California.  At all relevant times herein, Pauley was employed by Defendants CF Entertainment, Entertainment Studios, Inc., Comics Unleashed Productions, Inc., and Byron Allen Folks. Additionally, at all relevant times Plaintiff Pauley was a member of the American Federation of Radio and Television Artists which would later merge to become Defendant Screen Actors Guild – American Federation of Television and Radio Artists.

5.   Class Plaintiffs are actors and comedians who worked for Defendants and their affiliates on the show Comics Unleashed pursuant to a contract granting residual payments from April 2007, and continuing while this action is pending (the "class period").  Plaintiff reserves the right to name additional class representatives.

**DEFENDANTS**

6.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that CF Entertainment is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that CF Entertainment is authorized to conduct business, and does conduct business, in the State of California.

7.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that Entertainment Studios, Inc. (hereafter "Entertainment Studios") is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that Entertainment Studios is authorized to conduct business in the State of California, and does conduct business, in the State of California.

8.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that Comics Unleashed Productions, Inc. (hereafter "Comics Unleashed Productions") is and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon

-3-
SECOND AMENDED COMPLAINT

1  alleges, that Comics Unleashed Productions is authorized to conduct business, and does
2  conduct business, in the State of California.

3      9.   Plaintiff is informed and believes, and based upon such information and belief,
4  alleges that Defendant Byron Allen Folks (hereafter "Folks") is an individual and resident of
   the State of California.   At all relevant times herein, Mr. Folks was the owner, founder,
5  managing agent, and officer of Defendants CF Entertainment, Entertainment Studios, and
6  Comics Unleashed Productions. At all relevant times, Folks either directly or indirectly
7  employed or exercised control over the wages, hours, and working conditions of Plaintiff and
8  putative class members.

9      10.  At all relevant times alleged herein, Plaintiff is informed and believes, and thereon
10 alleges that the Screen Actors Guild – American Federation of Television and Radio Artists
   (hereafter "AFTRA") is, and at all times relevant hereto was, a corporation whose principal
11 place of business is in CA.  Plaintiff is further informed and believes, and thereon alleges,
12 that AFTRA is authorized to conduct business in the State of California.  Additionally, at all
13 relevant times AFTRA was the union for Plaintiff and putative class members.

14      11.     Upon information and belief, Defendants CF Entertainment, Comics
15 Unleashed Productions, Entertainment Studios, Folks, and Does 1-100 improperly dominated
16 and disregarded the separate corporate forms of one another, commingling funds and other
   assets; failing to separate the corporate funds; diverting the corporate funds or assets to
17 unauthorized non corporate uses; treating the corporate assets as their own; failing to obtain
18 authority to issue stock; holding out to third parties that they might be personally liable for
19 debts of one another; failing to maintain adequate corporate records and minutes; maintaining
20 sole ownership or a majority of the stock of one another; hiring employees for both personal
21 and corporate uses; failing to adequately capitalize one another; using one another as a mere
22 shell, instrumentality, or conduit for a single venture; concealing and misrepresenting the
   identity of the responsible ownership and financial interest; disregarding legal formalities and
23 failing to keep an arm's length relationship among related entities; using one another to
24 procure labor, services or merchandise for another person or entity; diverting corporate assets
25 to another person or entity; contracting with another with the intent to use one another as a
26 shield to personal liability; using one another as a subterfuge for illegal activities; and using
27 one another to transfer existing personal liability of another person or entity.

28

<div align="center">-4-

SECOND AMENDED COMPLAINT</div>

12. The true names and capacities of Defendants Does 1 through 100, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such Defendants under fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as a Doe is highly responsible in some manner for the events and happenings referred to herein, and legally cause the injuries and damages alleged in this Complaint. Plaintiff will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained. Defendants CF Entertainment, Entertainment Studios, Comics Unleashed Productions, Inc. and Byron Allen Folks were the alter ego of each other and/or engaged in an integrated enterprise with each other. Additionally, all of the Defendants were joint employers of Plaintiff and putative class members.

13. Plaintiff is informed and believes and thereon alleges, that each and every Defendant was the authorized agent, principal, partner, joint venturer, and guarantor, actual or ostensible, of the other Defendants and had full authority to do as alleged herein, unless alleged otherwise. Furthermore, each and every Defendant was operating within the course and scope of their agency, actual or ostensible, or as principal, partner, joint venturer, and guarantor, with the other Defendants during the course of events described herein unless alleged otherwise.

14. As a direct and proximate result of the unlawful actions of Defendants, Plaintiff and putative class members have suffered and continue to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**STATEMENT OF FACTS**

15. Plaintiff, Bernadette Pauley is an actress and comedian who was hired to work on the episodic television show Comics Unleashed on or about April 2007. The show was produced by Comics Unleashed Productions, Inc. the alter-ego, integrated enterprise, and subsidiary of Defendants CF Entertainment, Entertainment Studios, and Byron Allen Folks.

16. Comics Unleashed was an episodic television show with a cast of several hundred actors and comedians.

17. Plaintiff and putative class members signed standardized AFTRA engagement contracts entitling them to immediate monetary compensation and contingent residual payments for subsequent airings of each episode. In exchange, Plaintiff and putative class members agreed to perform on the show.

-5-
SECOND AMENDED COMPLAINT

18.  In the course of their employment, Plaintiff and putative class members incurred necessary expenditures in the discharge of their duties.  In some instances these expenditures included but were not limited to the cost of air travel, hotel accommodations, car rentals, wardrobe expenses, and gas required to travel to and from locations.  To date, Defendants have failed to indemnify Plaintiff and putative class members for these necessary expenditures.

19.  Subsequent to the taping of Comics Unleashed, the show went on to have tremendous success airing repeatedly on major television networks in both foreign and domestic markets, where it continues to air to this day.  Additionally, the show has aired and continues to be made available on a variety of digital media outlets including but not limited to Netflix, Verizon Fios, itunes, the digital subscription service SmartTV.com, as well as paid youtube channels and digital networks owned by Defendants.  Standing on the shoulders of the shows' achievement, Defendant Byron Allen Folks and his affiliate corporate entities have been catapulted to celebrity status and enjoyed great success.  Such achievements were recently profiled on the television show *The Insider*. Using his earnings from the show Comics Unleashed, Mr. Folks recently purchased a home in Beverly Hills, California valued at approximately seventeen million dollars.

20.  On numerous occasions Plaintiff and putative class members have reached out to Defendants CF Entertainment, Entertainment Studios, Comics Unleashed Productions, Inc. and Byron Allen Folks in an effort to recover their residual payments.  However, these inquiries were met with delay and evasion.

21.  In addition, between April 2007 and the present, Plaintiff and putative class members emailed, called, and corresponded with AFTRA representatives countless number of times to inform them of their grievances.

22.  Some union representatives stated they would inquire with Defendants as to the status of these residual payments, only to ultimately ignore and evade follow up messages from Plaintiff and putative class members.

23.  Other representatives acknowledged that Defendants CF Entertainment, Comics Unleashed Productions, Byron Allen Folks, and Entertainment Studios owed Plaintiff and putative class members compensation but insisted that such Defendants were being uncooperative as if there was no other recourse or grievance procedure that could be initiated.

-6-

SECOND AMENDED COMPLAINT

24. One performer who worked on the show Comics Unleashed was told by a senior AFTRA representative that Defendants paid residuals for Comics Unleashed pursuant to an "honor system."

25. Some performers were told that checks would come in the mail, but ultimately were left unsatisfied when these checks failed to arrive.

26. On numerous occasions Plaintiff and putative class members expressed their frustration with AFTRA's failure to respond and process their grievances, yet no action was taken.

27. Perhaps most egregious is that AFTRA representatives suggested to Plaintiff and class members that they may not be owed residuals, despite the fact that internal emails and documents produced by AFTRA reveal that AFTRA was aware that episodes were airing regularly all over the country, that AFTRA had knowledge that nearly all of the performers had not been paid residuals, and that Defendants were ignoring AFTRA inquiries.

28. Ultimately, Plaintiff was forced to initiate the current litigation in order to receive her lawfully entitled compensation, and mitigate any prejudice that may have resulted by AFTRA's failure to file a grievance within the time period prescribed in the applicable collective bargaining agreement.

29. Moreover, Plaintiff is informed an believes that Defendants CF Entertainment, Comics Unleashed Productions, Entertainment Studios, and Byron Allen Folks have engaged in a pervasive, deceptive, and fraudulent practice of misrepresenting, including but not limited to, the number of episodes in existence for Comics Unleashed and the number of times each episode has aired, downloaded, played, re-played, and/or been distributed, in addition to other facts, in an effort to reduce the amount of payments, including but not limited to residual payments, owed to Plaintiff and putative class members. To date, Plaintiff and putative class members have not been paid their residual fees as required under their contract, despite the fact that Comics Unleashed continues to enjoy widespread circulation on various networks and distribution channels. Defendants CF Entertainment, Comics Unleashed Productions, Entertainment Studios, and Byron Allen Folks continue to profit from the show's enormous success.

## INJURIES TO PLAINTIFF

30. As a direct and proximate result of the foregoing unlawful and malicious acts of Defendants, Plaintiff and putative class members have suffered monetary damage, past lost

-7-

SECOND AMENDED COMPLAINT

1  profits, future lost profits, loss of prejudgment interest, consequential damages, unpaid

2  wages, unreimbursed expenses, and unpaid residual payments.

3                         **CLASS ACTION ALLEGATIONS**

4      31.    This action is appropriately suited for a Class Action because:

5             a.   The potential class is a significant number.  Plaintiff is informed and

6                  believes that the class includes several hundred actors and comedians who

7                  performed on the show Comics Unleashed.  Joinder of all putative class

8                  members individually would be impractical.

9             b.   This action involves common questions of law and fact to the potential

10                 class because the action centers on contracts using standardized language

11                 entitling Plaintiff and putative class members to residual payments.

12                 Moreover, this action focuses on Defendants' systematic course of illegal

13                 employment practices and policies, which was applied to all putative class

14                 members in violation of state common law, the California Labor Code, and

15                 the California Business and Professions Code.

16            c.   The claims of named Plaintiff are typical of the class because Defendants

17                 subjected all putative class members to identical contractual violations, as

18                 well as violations of the California Labor Code and Business and

19                 Professions Code.

20            d.   The named Plaintiff is able to fairly and adequately protect the interests of

21                 all members of the class because it is in their best interest to prosecute the

22                 claims alleged herein to obtain full compensation due to them.  Moreover,

23                 named Plaintiff's counsel will fairly and adequately represent the named

24                 Plaintiff and the class.

                          **Class Action Complaint**

                          **FIRST CAUSE OF ACTION**

                              **Breach of Contract**

      **(Plaintiff and Class Members against CF Entertainment, Comics Unleashed

      Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)**

      32.    Plaintiff incorporates herein by specific reference as though fully set forth the

      allegations in paragraphs 1 through 31.

                                      -8-
                          ─────────────────────────
                          SECOND AMENDED COMPLAINT

33.     Plaintiff and class members entered into standardized union engagement contracts with Defendants where Plaintiff would work on the show Comics Unleashed and in exchange Defendants would, in addition to other things, pay Plaintiff an upfront monetary cost and provide Plaintiff and class members with a residual payment for each episode that subsequently aired.

34.     Plaintiff and putative class members did all or substantially all of the things that were required of them under their contracts.

35.     All conditions required by the contract for Defendants' performance had either occurred or been excused.

36.     Despite repeated attempts on the part of Plaintiff to inquire as to the status of residual payments, Defendants have failed to properly pay Plaintiff and putative class members residual payments for subsequent airings as required under the contract. Moreover, Defendants have acted in bad faith either misrepresenting to Plaintiff the status of their payments, failing to return Plaintiff's phone calls, and at times lying to Plaintiff and putative class members as to when their payments would be received.  Such conduct unfairly interfered with Plaintiff's right to receive the benefits of the contract.

37.     The amount of money due to Plaintiff from Defendants is unknown and cannot be ascertained without an accounting from Defendants off all subsequent airings of the television show Comics Unleashed.

38.     As a result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff and putative class members have suffered monetary damage, consequential damage, past lost profits, future damage, and harm subject to proof at trial.  Plaintiff and putative class members seek prejudgment interest, and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures**

**[Cal. Labor Code § 2802]**

**(Plaintiff and Class Members against CF Entertainment, Comics Unleashed Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)**

39.     Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 38.

-9-

SECOND AMENDED COMPLAINT

40. Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

41. During the class period, Defendants have knowingly and willfully failed to indemnify Plaintiff and class members for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of Defendants.

42. As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and class members have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to Labor Code § 2802(b). Additionally, class members are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in Labor Code § 2802(c), as well as all other available remedies.

## THIRD CAUSE OF ACTION

### Failure to Provide Accurate Itemized Statements to Employees

### [Cal. Labor Code §§ 226; and 226.3]

### (Plaintiff and Class Members against CF Entertainment, Comics Unleashed Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)

43. Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 42.

44. During the class period, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Defendants knowingly and intentionally failed to provide their non-exempt employees with accurate wage statements as required by Labor Code § 226.

45. As a proximate result of Defendants unlawful actions and omissions, Plaintiff and putative class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and putative class members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to Labor Code §§ 226.3, and an award of costs, expenses, and reasonable attorneys' fees, including those provided in Labor Code § 226(e), as well as all other available remedies.

-10-

SECOND AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION

### Failure to Pay All Wages Due

[Cal. Labor Code §§ 201, 202, 203]

(Plaintiff and Class Members against CF Entertainment, Comics Unleashed Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)

46.   Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 45.

47.   Pursuant to California Labor Code §§ 201, 202, and 203, upon former employee Plaintiff's respective dates of discharge or quitting, Defendants were required to pay Plaintiff all earned wages.  Pursuant to California § 202, Defendants were required to pay all wages due to a quitting employee who did not provide 72-hour notice no later than 72 hours after an employee quits his or her employment.  At the time of former employee Plaintiff's respective termination and quitting dates, former employee Plaintiff had unpaid wages.  In violation of Labor Code §§ 201, 202 and 203, Defendants failed to pay former employee Plaintiff any of the amount of wages due and owing her, in amounts to be proven at the time of trial, but in excess of the jurisdiction of this Court.

48.   Defendants' failure to pay former employee Plaintiff and putative class members the respective wages due and owing them was willful, as Defendants were apprised of the wages due, and a demand was made for payment of all wages due.

49.   Defendants' failure to pay former employee Plaintiff and putative class members all wages due was done with the wrongful and deliberate intention of injuring Plaintiff and putative class members, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights.

50.   Defendants' willful failure to pay Plaintiff and putative class members the wages due and owing each of them constitutes violations of Labor Code §§ 201, 202 and 203, which provides that an employee's wages will continue as a penalty for up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to penalties, attorneys' fees, expenses and costs incurred in this action.

-11-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

**Unfair Business Practices**

**[California Business and Professions Code §§ 17200-17208]**

**(Plaintiff and Class Members against all Defendants, and Does 2 through 100)**

51.   Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 50.

52.   By violating the foregoing statutes and regulations, breaching Plaintiff's and putative class members' contracts, and engaging in the aforementioned conduct, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, et seq.

53.   Defendants' violations of California contract and employment laws constitute a business practice because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and putative class members.

54.   Plaintiff and putative class members request restitution of all monies to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**SIXTH CAUSE OF ACTION**

**Fraud and Intentional Deceit**

**(Plaintiff and Class Members against CF Entertainment, Comics Unleashed Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)**

55.   Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 54.

56.   Plaintiff is informed an believe that Defendants CF Entertainment, Comics Unleashed Productions, Entertainment Studios, and Byron Allen Folks have engaged in pervasive, deceptive, and fraudulent practices of affirmatively misrepresenting, including but not limited to, the number of episodes in existence for Comics Unleashed and the number of times each episode has aired, downloaded, played, re-played, and/or been distributed, in addition to other facts, in an effort to reduce the amount of payments, including but not limited to residual payments, owed to Plaintiff and putative class members.

57.   These misrepresentations were made by officers and/or directors or they were authorized and/or ratified by officers and/or directors of Defendants.

58.   Such misrepresentations were false and of a material nature.

-12-

59.   Defendants made these misrepresentations with knowledge of their falsity or recklessly and without regard for their truth, with the intent that Plaintiff and putative class members would rely on these misrepresentation.

60.   Plaintiff and putative class members reasonably relied on these misrepresentations and their reliance was a substantial factor in causing Plaintiff and putative class members harm.

61.   As a proximate cause of Defendants misrepresentations, Plaintiff and putative class members have suffered monetary damage, consequential damage, past lost profits, future damage, lost wages, unreimbursed expenses, unpaid residual payments, and harm subject to proof at trial.  Plaintiff and putative class members seek prejudgment interest, punitive damages, and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Fraud by Concealment

**(Plaintiff and Class Members against CF Entertainment, Comics Unleashed Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)**

62.   Plaintiff incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 61.

63.   Plaintiff are informed an believe that Defendants CF Entertainment, Comics Unleashed Productions, Entertainment Studios, and Byron Allen Folks  intentionally failed to disclose the number of episodes in existence for Comics Unleashed and the number of times each episode has aired, downloaded, played, replayed, and/or been distributed, in addition to other facts which were concealed in an effort to reduce the amount of payments, including but not limited to residual payments, owed to Plaintiffs and putative class members.

64.   These facts were known only to Defendants, and Plaintiff and putative class members could not have discovered them.

65.   Plaintiff and putative class members did not know of these concealed facts.

66.   Defendants intended to deceive Plaintiff and putative class members by concealing these facts.

67.   Such fraudulent concealments were made by officers and/or directors or they were authorized and/or ratified by officers and/or directors of Defendants.

-13-
SECOND AMENDED COMPLAINT

68. Plaintiff and putative class members reasonably relied on Defendants' deception and concealment and their reliance was a substantial factor in causing Plaintiff and putative class members harm.

69. As a proximate cause of Defendants misrepresentations, Plaintiff and putative class members have suffered monetary damage, consequential damage, past lost profits, future damage, lost wages, unreimbursed expenses, unpaid residual payments, and harm subject to proof at trial. Plaintiff and putative class members seek prejudgment interest, punitive damages, and reasonable attorneys' fees

**EIGHTH CAUSE OF ACTION**

**Negligent Misrepresentation**

**(Plaintiff and Class Members against CF Entertainment, Comics Unleashed Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)**

70. Plaintiff incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 69.

71. Plaintiff are informed an believe that Defendants CF Entertainment, Comics Unleashed Productions, Entertainment Studios, and Byron Allen Folks have engaged in pervasive, deceptive, and fraudulent practices of affirmatively misrepresenting, including but not limited to, the number of episodes in existence for Comics Unleashed and the number of times each episode has aired, downloaded, played, re-played, and/or been distributed, in addition to other facts, in an effort to reduce the amount of payments, including but not limited to residual payments, owed to Plaintiff and putative class members.

72. These misrepresentations were made by officers and/or directors or they were authorized and/or ratified by officers and/or directors of Defendants.

73. Such misrepresentations were false and of a material nature.

74. Although Defendants may have known or honestly believed that such representations were true, Defendants had no reasonable grounds for believing such representations were true when they were made.

75. Defendants made these misrepresentations with the intent that Plaintiff and putative class members would rely on these misrepresentations.

76. Plaintiff and putative class members reasonably relied on these misrepresentations and their reliance was a substantial factor in causing Plaintiff and putative class members harm.

1   77.   As a proximate cause of Defendants misrepresentations, Plaintiff and putative

2   class members have suffered monetary damage, consequential damage, past lost profits,

3   future damage, lost wages, unreimbursed expenses, unpaid residual payments, and harm

4   subject to proof at trial.  Plaintiff and putative class members seek prejudgment interest,

    punitive damages, and reasonable attorneys' fees.

5                              **NINTH CAUSE OF ACTION**

6       **Breach of Duty of Fair Representation/Failure to Adequately Represent**

7          **(Plaintiff and Class Members against AFTRA, and Does 2 through 100)**

8   78.   Plaintiff incorporate herein by specific reference as though fully set forth the

9   allegations in paragraphs 1 through 77.

10  79.   AFTRA owed Plaintiff and putative class members a duty of fair representation.

11  80.   AFTRA breached its duty to fairly represent Plaintiff and putative class

    members by arbitrarily and/or in bad faith ignoring a meritorious grievance or processing it

12  in a perfunctory fashion. Plaintiff and putative class members informed AFTRA of their

13  meritorious grievance.  Acting arbitrarily and/or in bad faith AFTRA failed to process the

14  grievance in a timely manner, thereby allowing portions of the time limit mandated by the

15  applicable collective bargaining agreement to expire and ultimately prejudicing Plaintiff and

16  putative class members.

17  81.   As a result of AFTRA's breach, Plaintiff and putative class members have

18  suffered harm in the form of monetary damages, compensatory damages, past lost profits,

19  future damages, unpaid wages, unreimbursed expenses, unpaid residual payments, and harm

20  subject to proof at trial.  Plaintiff and putative class members seek prejudgment interest,

    punitive damages, and reasonable attorneys' fees.

21                           **REPRESENTATIVE ACTION**

22                            **TENTH CAUSE OF ACTION**

23             **Representative Action for Civil Penalties**

                  **(California Labor Code §§ 2698-2699.5)**

24  **(Plaintiff and Aggrieved Employees against CF Entertainment, Comics Unleashed**

25  **Productions, Entertainment Studios, Inc., Byron Allen Folks, and Does 2 through 100)**

26  82.   Plaintiff incorporate herein by specific reference as though fully set forth the

27  allegations in paragraphs 1 through 81 with exception to the allegations concerning class

28  action designation, paragraph 31 (A-D).

                                      -15-

83.   Pursuant to California Labor Code sections 2698-2699.5, Plaintiff is entitled to collect civil penalties from Defendants in a representative action for the California Labor Code violations set forth above.  Plaintiffs are aggrieved employees and seek to collect civil penalties on behalf of the State of California for Defendants violations of California Labor Code including, but not limited to, sections 201, 202, 203, 221, 226, 226.7, 227.3, 512, 558, 1174, 1194, 1197, 1197.1 and 2802, which include, but are not limited to, penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558, 1174.5 and 1197.1.

84.   Plaintiff has given written notice by certified mail to the Labor and Workforce Development Agency of the specific Labor Code provisions alleged to have been violated, including the facts and theories to support the alleged violations.

85.   Plaintiff has complied with the requirements set forth in California Labor Code section 2699.3.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully pray for relief against Defendants as follows:

a.   For certification of the action as a class action on behalf of the proposed class and subclasses;

b.   For an order appointing Plaintiff as class and subclass representative, and Plaintiff's counsel as counsel for the class and subclasses;

c.   For compensatory damages;

d.   For consequential damages, past lost profits, and future lost profits;

e.   For punitive damages;

f.   For preliminary and permanent injunction enjoining Defendant AFTRA from failing to process grievances in a timely manner and to release all sums due to class members held by AFTRA;

g.   For unpaid wages, residuals payments, and damages stemming from AFTRA's failure to process Plaintiff and putative class members' grievances in a timely manner.

h.   For back wages, reimbursement, and/or restitution of all monies due to Plaintiff and disgorged profits from the unlawful business practices of Defendants;

i.   For actual and statutory damages and/or penalties pursuant to Labor Code § 226(e);

j.   For all penalties authorized under Labor Code § 2699;

-16-
SECOND AMENDED COMPLAINT

k. For a preliminary and permanent injunction enjoining Defendants from violating the relevant provisions of the Labor Code and common law causes of action, and requiring Defendants to cease and desist from engaging in the unlawful acts and unlawful business practices complained of herein;

l. For waiting time penalties pursuant to Labor Code § 203;

m. For statutory penalties according to proof;

n. For interest on the unpaid wages at 10% per annum pursuant to Labor Code §§ 218.6, 2802, California Civil Code §§ 3278, 3288, and/or any other applicable provision providing for pre-judgment interest;

o. For reasonable attorney's fees and costs including but not limited to those provided by Labor Code §§ 2699, 2802, 226(e), Civil Code § 1021.5, and any other applicable provision providing for attorney's fees and costs.

p. For declaratory judgment;

q. For such other and further relief that the Court may deem just and proper.

DATED: September 30, 2013           Respectfully submitted,

                                    LAW OFFICES OF MATTHEW J. MATERN

                                    By:
                                       Matthew J. Matern
                                       Tagore O. Subramaniam
                                       Attorneys for Plaintiff,
                                       Bernadette Pauley and Thomas Clarke, on
                                       behalf of themselves and all others similarly
                                       situated.

///
///
///
///
///
///
///

-17-
**SECOND AMENDED COMPLAINT**

1

### DEMAND FOR JURY TRIAL

2          Plaintiff, on behalf of herself and all others similarly situated, hereby demands a

3    jury trial with respect to all issues triable of right by jury.

4

5    DATED: September 30, 2013                 Respectfully submitted,

6                                              LAW OFFICES OF MATTHEW J. MATERN

7

8

9                                       By

10                                            Matthew J. Matern
                                              Tagore O. Subramaniam
11                                            Attorneys for Plaintiff,
                                              Bernadette Pauley and Thomas Clarke, on
12                                            behalf of themselves and all others similarly
                                              situated.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-
SECOND AMENDED COMPLAINT

1    **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California.  I am over the age of
3    eighteen (18) years and not a party to the within action.  My business address is 3655 Torrance
     Boulevard, Suite 315, Torrance, California 90503.

4
         On October 1, 2013, I served the document described as:
5
                           **SECOND AMENDED COMPLAINT**
6
         By electronic service (via electronic filing service provider) – electronically transmitting
7    the documents listed above to Case Anywhere, an electronic filing service provider, at
     www.caseanywhere.com pursuant to the Court's Order Authorizing Electronic in the matter of
8    *Bernadette Pauley v. CF Entertainment, et al.*, LASC Case No. BC498021 mandating electronic
9    service.  The transmission(s) was reported as complete and without error to the addresses as
     stated on the attached service list.
10

11   | Ivy Kagan Bierman, Esq. | Attorneys for Defendants  CF |
     | Email: ibierman@loeb.com | ENTERTAINMENT; COMICS |
12   | Ramon Ramirez, Esq. | UNLEASHED PRODUCTIONS, INC.; |
     | Email: rramirez@loeb.com | ENTERTAINMENT STUDIOS, INC.; and |
13   | LOEB & LOEB LLP | BYRON ALLEN FOLKS |
     | 10100 Santa Monica Boulevard, Suite 2200 | |
14   | Los Angeles, California 90067 | |
     | Telephone: 310.282.2000 | |
15   | Facsimile: 310.282.2200 | |
16

17        I declare under penalty of perjury under the laws of the State of California that the above

18   is true and correct.

19        Executed on October 1, 2013 at Torrance, California.

20

21

22                                                    _____
23                                                    Dana Joudi

24

25

26

27

28

PROOF OF SERVICE

*CORRECTED*

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CF ENTERTAINMENT, a California corporation; COMICS
UNLEASHED PRODUCTIONS, INC., a California corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BERNADETTE PAULEY, an individual, on behalf of herself and all
others similarly situated

*FOR COURT USE ONLY*
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 01 2013

Sherri R. Carter, Executive Officer/Clerk
By: Tanaya Lewis, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):* BC498021

111 N. Hill Street
Los Angeles, California 90012

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew J. Matern, 3655 Torrance Boulevard, Suite 300, Torrance, California 90503

DATE: OCT 01 2013
*(Fecha)*
SHERRI R. CARTER
Clerk, by *(Secretario)* T. Lewis
, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO
3. ☒ on behalf of *(specify):* ARTISTS, a California corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

*CORRECTED* SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A, Page 24

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bernadette Pauley v. CF Entertainment | BC498021 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual;
SCREEN ACTORS GUILD - AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a
California corporation; and DOES 2 through 100 inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to CORRECTED SUMMONS

Exhibit A, Page 25

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 09/24/13 | | | DEPT.  310 |
|---|---|---|---|
| HONORABLE KENNETH R. FREEMAN | JUDGE | R. ARRAIGA | DEPUTY CLERK |
| HONORABLE #3 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| M. WEBB, C.A. | Deputy Sheriff | NONE | Reporter |

| 3:30 pm | BC498021 | Plaintiff Counsel | MATTHEW MATERN Via Telephone |
|---|---|---|---|
| | BERNADETTE PAULEY VS CF ENTERTAINMENT ET AL ** Related to lead case BC498061 Deemed Complex 2-28-13 P-170.6 Highberger | Defendant Counsel | IVY KAGAN BIERMAN Via Telephone RAMON RAMIREZ Via Telephone |

**NATURE OF PROCEEDINGS:**

TELEPHONIC CONFERENCE;

The Telephonic Conference is held.

The parties stipulate to Plaintiff's Motion to Amend.

Plaintiff is to file an Amended Complaint within seven (7) days from this date.

The Court will allow a Motion to be filed with respect to Plaintiff's subpoena directed at Screen Actor's Guild.

The Status Conference and Petition to Compel Arbitration set for October 2, 2013 is advanced this date and continued to December 2, 2013 at 2:00 pm in Department 310.

A copy of this Minute Order is served on parties via posting on the Case Anywhere website.

Page   1 of  1    DEPT.  310

```
MINUTES ENTERED
09/24/13
COUNTY CLERK
```

# EXHIBIT B

ORIGINAL

A6024
90503 307
(Hon. William F. High berger)

FILED
Los Angeles Superior Court

DEC 24 2012

JOHN A. CLARKE, CLERK

BY DAWN ALEXANDER, DEPUTY

1   LAW OFFICES OF MATTHEW J. MATERN
2   MATTHEW J. MATERN, SBN 159798
    Email: matthewjmatern@gmail.com
3   TAGORE O. SUBRAMANIAM, SBN 280126
    Email: tagore.subramaniam@gmail.com
4   3655 Torrance Boulevard, Suite 315
    Torrance, California 90503
5   Tel: (424) 247-1172
6   Fax: (424) 247-1173

7   Attorneys for Plaintiff, Bernadette Pauley, on behalf of herself
    and all others similarly situated.

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF LOS ANGELES

11

12   BERNADETTE PAULEY, an individual,      Case No.   BC 498 021
     on behalf of herself and all others
13   similarly situated,                    CLASS ACTION

14                                          COMPLAINT FOR:
                   Plaintiff,
15                                          1.  Breach of Contract
16          vs.                             2.  Failure to Indemnify Employees for
                                                Necessary Expenditures
17   CF ENTERTAINMENT, a California         3.  Failure to Provide Accurate Itemized
     corporation; COMICS UNLEASHED             Statements to Employees
18   PRODUCTIONS, INC., a California        4.  Failure to Pay All Wages Due
     corporation; ENTERTAINMENT             5.  Unfair Business Practices
19   STUDIOS, INC., a California
     corporation; BYRON ALLEN FOLKS,        DEMAND FOR JURY TRIAL BY FAX
20   an individual; and DOES 1 through 100
21   inclusive,

22                 Defendants.

23

24

25         Plaintiff Bernadette Pauley, on behalf of herself and all others similarly situated,

26   hereby submits the following class action complaint. Upon personal knowledge as to her

27   own acts and status, and upon information and belief as to all other matters, Plaintiff alleges

28   as follows:

                                    -1-
                          CLASS ACTION COMPLAINT



**NATURE OF THE ACTION**

1.   Plaintiff and several hundred other actors and comedians worked for Defendants Comics Unleashed Productions, Inc., Entertainment Studios, Inc., CF Entertainment, and Byron Allen Folks (collectively "Defendants") on the syndicated television show Comics Unleashed pursuant to a standardized contract providing each actor with a residual payment for subsequent airings of each episode.  While working on the show, Plaintiff and class members were subject to repeated violations of the California Labor Code.  Subsequent to its production, the show Comics Unleashed went on to become tremendously successful catapulting its creator Byron Allen Folks to celebrity status.  Standing on the shoulders of the shows' success, Defendant Byron Allen Folks and his affiliate corporate entities have become the largest independent producer/distributor of first-run syndicated television programming for broadcast television stations.  To date, Plaintiff and putative class members have not been reimbursed for residual payments pursuant to the contract.

2.   Plaintiff brings this lawsuit, on behalf of herself and all other similarly situated individuals, alleging claims for breach of contract, failure to indemnify for necessary expenditures, failure to provide itemized statements, failure to pay all wages due, and unfair business practices.

**JURISDICTION AND VENUE**

3.   This Court has personal jurisdiction over Defendants because they are residents of and/or doing business in the State of California.  Venue is proper because most of Defendants' wrongful acts and omissions occurred in the County of Los Angeles.

**PLAINTIFFS**

4.   Plaintiff, Bernadette Pauley (hereafter sometimes referred to as "Pauley") is a female resident of the State of California.  At all relevant times herein, Pauley was employed by Defendants CF Entertainment, Entertainment Studios, Inc., Comics Unleashed Productions, Inc., and Byron Allen Folks.

5.   Class Plaintiffs are actors and comedians who worked for Defendants and their affiliates on the show Comics Unleashed pursuant to a contract granting residual payments for the (4) years preceding the filing of this action, and continuing while this action is pending (the "class period").  Plaintiffs reserve the right to name additional class representatives.

-2-

CLASS ACTION COMPLAINT

**DEFENDANTS**

6.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that CF Entertainment is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that CF Entertainment is authorized to conduct business, and does conduct business, in the State of California.

7.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that Entertainment Studios, Inc. (hereafter "Entertainment Studios") is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that Entertainment Studios is authorized to conduct business in the State of California.

8.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that Comics Unleashed Productions, Inc. (hereafter "Comics Unleashed Productions") is and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that Comics Unleashed Productions is authorized to conduct business, and does conduct business, in the State of California.

9.   Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant Byron Allen Folks (hereafter "Folks") is an individual and resident of the State of California.   At all relevant times herein, Mr. Folks was the owner, founder, managing agent, and officer of Defendants CF Entertainment, Entertainment Studios, and Comics Unleashed Productions.  At all relevant times, Folks either directly or indirectly employed or exercised control over the wages, hours, and working conditions of Plaintiff and putative class members.

10.  Upon information and belief, Defendants CF Entertainment, Entertainment Studios, Folks, Comics Unleashed Productions, and Does 1 through 100 were and are the alter ego, division, affiliate, integrated enterprise, joint employer, subsidiary, parent, principal, related entity, co-conspirator, authorized agent, actual or ostensible partner, joint venturer, and guarantor of each and every other Defendant.

11.  Plaintiff is informed and believes, and thereon alleges that Defendant Comics Unleashed Productions has been and presently is dominated and controlled by Defendants CF Entertainment, Entertainment Studios, Folks, and Does 1-100, and a unity of interest,

-3-

CLASS ACTION COMPLAINT

1   ownership and control presently exists amongst Defendants Comics Unleashed Productions,

2   CF Entertainment, Entertainment Studios, Folks, and Does 1-100.

3       12.  Plaintiff is informed and believes, and thereon alleges that Defendants CF

4   Entertainment, Entertainment Studios, Folks, and Does 1-100 have improperly managed, controlled, and dominated Defendant Comics Unleashed Productions as their alter egos,

5   agents and instrumentalities.

6       13.  Plaintiff is informed and believes, and thereon allege that the conduct of

7   Defendants CF Entertainment, Entertainment Studios, Folks, and Does 1-100 in holding all or

8   substantially all of the assets of Comics Unleashed Productions, as their alter egos, agents

9   and/or instrumentalities constitutes abuse of the corporate privilege, through which

10  Defendants CF Entertainment, Entertainment Studios, Folks, and Does 1-100 seek inequitable advantage based on the fiction of separate existence.

11      14.  Defendants CF Entertainment, Entertainment Studios, Folks and Does 1-100

12  improperly dominated and disregarded the separate corporate forms of Comics Unleashed

13  Productions commingling their assets, human resources and personnel, and failed to

14  adequately capitalize the subsidiaries.

15      15.  The true names and capacities of Defendants Does 1 through 100, inclusive, are

16  unknown to Plaintiff at this time, and Plaintiff therefore sues such Defendants under fictitious

17  names.  Plaintiff is informed and believes, and thereon alleges, that each Defendant

18  designated as a Doe is highly responsible in some manner for the events and happenings referred to herein, and legally cause the injuries and damages alleged in this Complaint.

19  Plaintiff will seek leave of the court to amend this Complaint to allege their true names and

20  capacities when ascertained.

21      16.  Plaintiff is informed and believes and thereon alleges, that each and every

22  Defendant was the authorized agent, principal, partner, joint venturer, and guarantor, actual or

23  ostensible, of the other Defendants and had full authority to do as alleged herein, unless

24  alleged otherwise.  Furthermore, each and every Defendant was operating within the course and scope of their agency, actual or ostensible, or as principal, partner, joint venturer, and

25  guarantor, with the other Defendants during the course of events described herein unless

26  alleged otherwise.

27      17.  As a direct and proximate result of the unlawful actions of Defendants, Plaintiff

28  and putative class members have suffered and continue to suffer from loss of earnings in

-4-

CLASS ACTION COMPLAINT

1  amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this
2  Court.

3  ### STATEMENT OF FACTS

4  18.  Plaintiff, Bernadette Pauley is an actress and comedian who was hired to work on
the episodic television show Comics Unleashed produced by Comics Unleashed Productions,
5  Inc. the alter-ego, integrated enterprise, and subsidiary of Defendants CF Entertainment,
6  Entertainment Studios, and Byron Allen Folks.

7  19.  Comics Unleashed was an episodic television show which cast several hundred
8  actors and comedians.

9  20.  Plaintiff Pauley was an actress and comedian who performed on the show.  Plaintiff
10  and the other cast members signed a standardized contract entitling them to immediate
monetary compensation and contingent residual payments for each episode that subsequently
11  aired.  In exchange, Plaintiff and the other cast members agreed to perform on the show.

12  21.  In the course of their employment, Plaintiff and the other cast members incurred
13  necessary expenditures in the discharge of their duties.  In some instances these expenditures
14  included but were not limited to the cost of air travel, hotel accommodations, car rentals,
15  wardrobe expenses, and gas required to travel to and from locations.  To date, Defendants
16  have failed to indemnify Plaintiff for these necessary expenditures.

17  22.  Subsequent to the taping of Comics Unleashed, the show went on to have
tremendous success airing repeatedly on major television networks, where it continues to air
18  to this day.  Additionally, the show has aired and continues to be made available on a variety
19  of digital media outlets.  Standing on the shoulders of the shows' achievement, Defendant
20  Byron Allen Folks and his affiliate corporate entities have been catapulted to celebrity status
21  and enjoyed great success.  Such achievements were recently profiled on the television show
22  *The Insider*.

23  23.  On numerous occasions Plaintiff reached out to her union and agents of Defendants
in an effort to recover her residual payments.  Although both the union and Defendants
24  acknowledged that Plaintiff was entitled to residual payments in communications with
25  Plaintiff, Defendants responded to Plaintiff's inquiries with continued delay and evasion.
26  Plaintiff was forced to initiate the current litigation in order to receive her lawfully entitled
27  compensation.
28

-5-
CLASS ACTION COMPLAINT

24.  To date, Plaintiff and putative class members have not been paid their residual fees as required under their contract, despite the fact that Comics Unleashed continues to enjoy widespread circulation on various networks.  Defendants continue to profit from the show's success.

### INJURIES TO PLAINTIFFS

25.  As a direct and proximate result of the foregoing unlawful and malicious acts of Defendants, Plaintiff and putative class members have suffered monetary damage, past lost profits, future lost profits, loss of prejudgment interest, and consequential damages.

### CLASS ACTION ALLEGATIONS

26.  This action is appropriately suited for a Class Action because:

a.  The potential class is a significant number.  Plaintiff is informed and believes that the class includes several hundred actors and comedians which performed on the show Comics Unleashed. Joinder of all putative class members individually would be impractical.

b.  This action involves common questions of law and fact to the potential class because the action centers on contracts using a standardized clause entitling Plaintiff and putative class members to residual payments. Moreover, this action focuses on Defendants' systematic course of illegal employment practices and policies, which was applied to all putative class members in violation of state common law, the California Labor Code, and the California Business and Professions Code.

c.  The claims of named Plaintiff are typical of the class because Defendants subjected all putative class members to identical contractual violations, as well as violations of the California Labor Code and Business and Professions Code.

d.  The named Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due to her.  Moreover, named Plaintiff's counsel will fairly and adequately represent the named Plaintiff and the class.

///
///

-6-
CLASS ACTION COMPLAINT

**Class Action Complaint**

**FIRST CAUSE OF ACTION**

Breach of Contract

(Plaintiff and Class Members against all Defendants)

27. Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 26.

28. Plaintiff and class members entered into a standardized contract with Defendants where Plaintiff and class members would work on the show Comics Unleashed and in exchange Defendants would, in addition to other things, pay Plaintiff and class members an upfront monetary cost and provide each Plaintiff and class member with a residual payment for each episode that subsequently aired.

29. Plaintiff and putative class members did all or substantially all of the things that were required of them under their contracts.

30. All conditions required by the contract for Defendants' performance had either occurred or been excused.

31. Despite repeated attempts on the part of Plaintiff to inquire as to the status of residual payments, Defendants have failed to properly pay Plaintiff and putative class members residual payments for subsequent airings as required under the contract. Moreover, Defendants have acted in bad faith either misrepresenting to Plaintiff the status of their payments, failing to return Plaintiff's phone calls, and at times lying to Plaintiff as to when her payments would be received. Such conduct unfairly interfered with Plaintiff's right to receive the benefits of the contract.

32. The amount of money due to Plaintiff from Defendants is unknown and cannot be ascertained without an accounting from Defendants of all subsequent airings of the television show Comics Unleashed.

33. As a result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff and putative class members have suffered monetary damage, consequential damage, past lost profits, future damage, and harm subject to proof at trial. Plaintiff and putative class members seek prejudgment interest, and reasonable attorneys' fees.

/ / /

/ / /

-7-

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Failure to Indemnify Employees for Necessary Expenditures
### [Cal. Labor Code § 2802]
### (Plaintiff and Class Members against all Defendants)

34.  Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 33.

35.  Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

36.  During the class period, Defendants have knowingly and willfully failed to indemnify Plaintiff and class members for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of Defendants.

37.  As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and class members have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to Labor Code § 2802(b).  Additionally, class members are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in Labor Code § 2802(c), as well as all other available remedies.

## THIRD CAUSE OF ACTION

### Failure to Provide Accurate Itemized Statements to Employees
### [Cal. Labor Code §§ 226; and 226.3]
### (Plaintiff and Class Members against all Defendants)

38.  Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 37.

39.  During the class period, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Defendants knowingly and intentionally failed to provide their non-exempt employees with accurate wage statements as required by Labor Code § 226.

40.  As a proximate result of Defendants unlawful actions and omissions, Plaintiff and putative class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, Plaintiff and putative class

-8-
CLASS ACTION COMPLAINT

1   members are entitled to all available statutory penalties, including but not limited to civil

2   penalties pursuant to Labor Code §§ 226.3, and an award of costs, expenses, and reasonable

3   attorneys' fees, including those provided in Labor Code § 226(e), as well as all other

4   available remedies.

### FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Plaintiff and Class Members against all Defendants)**

8   41.  Plaintiffs incorporate herein by specific reference as though fully set forth the

9   allegations in paragraphs 1 through 40.

10   42.  Pursuant to California Labor Code §§ 201, 202, and 203, upon former employee

11   Plaintiff's respective dates of discharge or quitting, Defendants were required to pay Plaintiff

12   and class members all earned wages.  At the time of all former employee Plaintiff and class

13   members dates of discharge, former employee Plaintiff and class members had unpaid wages.

14   In violation of Labor Code §§ 201, 202 and 203, Defendants failed to pay each former

15   employee Plaintiff any of the amount of wages due and owing him or her, in amounts to be

16   proven at the time of trial, but in excess of the jurisdiction of this Court.

17   43.  Defendants' failure to pay former employee Plaintiff and putative class members

18   the respective wages due and owing them was willful, as Defendants were apprised of the

19   wages due, and a demand was made for payment of all wages due.

20   44.  Defendants' failure to pay former employee Plaintiff and putative class members

21   all wages due was done with the wrongful and deliberate intention of injuring Plaintiff and

22   putative class members, from improper motives amounting to malice, and in conscious

23   disregard of Plaintiff's rights.

24   45.  Defendants' willful failure to pay Plaintiff the wages due and owing each of them

25   constitutes violations of Labor Code §§ 201, 202 and 203, which provides that an employee's

26   wages will continue as a penalty for up to thirty (30) days from the time the wages were due.

27   Therefore, Plaintiff is entitled to penalties, attorneys' fees, expenses and costs incurred in this

28   action.

-9-

CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION

**Unfair Business Practices**

**[California Business and Professions Code §§ 17200-17208]**

**(Plaintiff and Class Members against all Defendants)**

46.   Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 45.

47.   By violating the foregoing statutes and regulations, breaching Plaintiff and putative class members' contracts, and engaging in the aforementioned conduct, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, et seq.

48.   Defendants' violations of California contract and employment laws constitute a business practice because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and putative class members.

49.   For the four (4) years preceding the filing of this action, Plaintiff and putative class members request restitution of all monies to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully prays for relief against Defendants as follows:

a.   For certification of the action as a class action on behalf of the proposed class and subclasses;

b.   For an order appointing Plaintiff as class and subclass representatives, and Plaintiff's counsel as counsel for the class and subclasses;

c.   For compensatory damages;

d.   For consequential damages, past lost profits, and future lost profits;

e.   For back wages, reimbursement, and/or restitution of all monies due to Plaintiff and disgorged profits from the unlawful business practices of Defendants;

f.   For actual and statutory damages and/or penalties pursuant to Labor Code § 226(e);

g.   For a preliminary and permanent injunction enjoining Defendants from violating the relevant provisions of the Labor Code and common law causes of action, and requiring Defendants to cease and desist from engaging in the unlawful acts and unlawful business practices complained of herein;

-10-

CLASS ACTION COMPLAINT

1    h.  For waiting time penalties pursuant to Labor Code § 203;

2    i.  For statutory penalties according to proof;

3    j.  For interest on the unpaid wages at 10% per annum pursuant to Labor Code §§ 218.6,

          2802, California Civil Code §§ 3278, 3288, and/or any other applicable provision

4        providing for pre-judgment interest;

5    k.  For reasonable attorney's fees and costs including but not limited to those provided by

6        Labor Code §§ 2802, 226(e), Civil Code § 1021.5, and any other applicable provision

7        providing for attorney's fees and costs;

8    l.  For declaratory judgment;

9    m.  For such other and further relief that the Court may deem just and proper.

10  DATED: December 24, 2012           Respectfully submitted,

11                             LAW OFFICES OF MATTHEW J. MATERN

12

13

14

15

16                     By: _____

17                       Matthew J. Matern
                              Tagore O. Subramaniam

18                       Attorney for Plaintiffs,
                              Bernadette Pauley, on behalf of herself and all

19                       others similarly situated.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-11-

CLASS ACTION COMPLAINT

1

### DEMAND FOR JURY TRIAL

2          Plaintiff, on behalf of herself and all others similarly situated,  hereby demand a

3   jury trial with respect to all issues triable of right by jury.

4   DATED: December ___, 2012

5                                              Respectfully submitted,

                                          LAW OFFICES OF MATTHEW J. MATERN
6

7

8

9          By

10                Matthew J. Matern
                  Tagore O. Subramaniam
11                Attorney for Plaintiff,
                  Bernadette Pauley, on behalf of herself and all
12                others similarly situated.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -12-

**ORIGINAL**

| SHORT TITLE: PAULEY VS. CF ENTERTAINMENT, et. al. | CASE NUMBER: BC 498021 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10-15 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.   **BY FAX**

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: PAULEY VS. CF ENTERTAINMENT, et. al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: PAULEY VS. CF ENTERTAINMENT, et. al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: PAULEY VS. CF ENTERTAINMENT, et. al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  □1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS: 3655 Torrance Blvd. (May be filed in Central. Non PI/BD) |
|---|---|
| CITY: Torrance | STATE: CA | ZIP CODE: 90503 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _December 24, 2012_

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev. 03/11) LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.0 Page 4 of 4 |
|---|---|---|



# ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MATTHEW J. MATERN (SBN 159798)<br>LAW OFFICES OF MATTHEW J. MATERN<br>3655 Torrance Boulevard, Suite 315<br>Torrance, California 90503<br>TELEPHONE NO.: 424.247.1172    FAX NO.: 424.247.1173<br>ATTORNEY FOR (Name): Plaintiff, Bernadette Pauley, et. al. | **FILED**<br>Los Angeles Superior Court<br><br>DEC 24 2012<br><br>JOHN A. CLARKE, Clerk<br><br>BY DAWN ALEXANDER, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:
PAULEY, et. al. vs. CF ENTERTAINMENT, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 498021 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☑ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Five (5)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 24, 2012
Matthew J. Matern
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

Exhibit B, Page 43

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book account) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Exhibit B, Page 44

1 | **LAW OFFICES OF MATTHEW J. MATERN**
2 | MATTHEW J. MATERN, SBN 159798
Email: matthewjmatern@gmail.com
3 | TAGORE O. SUBRAMANIAM, SBN 280126
Email: tagore.subramaniam@gmail.com
4 | 3655 Torrance Boulevard, Suite 315
Torrance, California 90503
5 | Tel: (424) 247-1172
6 | Fax: (424) 247-1173

**FILED**
LOS ANGELES SUPERIOR COURT
FEB 06 2013
JOHN A. CLARKE, CLERK
BY R. INOSTROZA, DEPUTY

7 | Attorneys for Plaintiff, Bernadette Pauley, on behalf of herself
and all others similarly situated.

8 |

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

11 |

12 | BERNADETTE PAULEY, an individual, on behalf of herself and all others similarly situated,

Case No. BC498021

13 |

**CLASS ACTION**

14 | Plaintiff,

15 |

**FIRST AMENDED COMPLAINT FOR:**

DEPT 32L

16 | vs.

1. **Breach of Contract**
2. **Failure to Indemnify Employees for Necessary Expenditures**

17 | CF ENTERTAINMENT, a California corporation; COMICS UNLEASHED PRODUCTIONS, INC., a California corporation; ENTERTAINMENT STUDIOS, INC., a California corporation; BYRON ALLEN FOLKS, an individual; and DOES 1 through 100 inclusive,

3. **Failure to Provide Accurate Itemized Statements to Employees**
4. **Failure to Pay All Wages Due**
5. **Unfair Business Practices**

18 |

19 |

20 |

**REPRESENTATIVE ACTION**

21 |

6. **Representative Action for Civil Penalties**

22 | Defendants.

23 |

**DEMAND FOR JURY TRIAL**

24 |

25 | Plaintiff Bernadette Pauley, on behalf of herself and all others similarly situated,

26 | hereby submits the following class action complaint. Upon personal knowledge as to her

27 | own acts and status, and upon information and belief as to all other matters, Plaintiff alleges

28 | as follows:

-1-

CLASS ACTION COMPLAINT

**NATURE OF THE ACTION**

1.    Plaintiff and several hundred other actors and comedians worked for Defendants Comics Unleashed Productions, Inc., Entertainment Studios, Inc., CF Entertainment, and Byron Allen Folks (collectively "Defendants") on the syndicated television show Comics Unleashed pursuant to a standardized contract providing each actor with a residual payment for subsequent airings of each episode.  While working on the show, Plaintiff and class members were subject to repeated violations of the California Labor Code.  Subsequent to its production, the show Comics Unleashed went on to become tremendously successful catapulting its creator Byron Allen Folks to celebrity status.  Standing on the shoulders of the shows' success, Defendant Byron Allen Folks and his affiliate corporate entities have become the largest independent producer/distributor of first-run syndicated television programming for broadcast television stations.  To date, Plaintiff and putative class members have not been reimbursed for residual payments pursuant to the contract.

2.    Plaintiff brings this lawsuit, on behalf of herself and all other similarly situated individuals, alleging claims for breach of contract, failure to indemnify for necessary expenditures, failure to provide itemized statements, failure to pay all wages due, unfair business practices, and a representative action for civil penalties.

**JURISDICTION AND VENUE**

3.    This Court has personal jurisdiction over Defendants because they are residents of and/or doing business in the State of California.  Venue is proper because most of Defendants' wrongful acts and omissions occurred in the County of Los Angeles.

**PLAINTIFFS**

4.    Plaintiff, Bernadette Pauley (hereafter sometimes referred to as "Pauley") is a female resident of the State of California.  At all relevant times herein, Pauley was employed by Defendants CF Entertainment, Entertainment Studios, Inc., Comics Unleashed Productions, Inc., and Byron Allen Folks.

5.    Class Plaintiffs are actors and comedians who worked for Defendants and their affiliates on the show Comics Unleashed pursuant to a contract granting residual payments for the (4) years preceding the filing of this action, and continuing while this action is pending (the "class period").  Plaintiffs reserve the right to name additional class representatives.

-2-
CLASS ACTION COMPLAINT

Exhibit B, Page 46

## DEFENDANTS

6.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that CF Entertainment is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that CF Entertainment is authorized to conduct business, and does conduct business, in the State of California.

7.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that Entertainment Studios, Inc. (hereafter "Entertainment Studios") is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that Entertainment Studios is authorized to conduct business in the State of California.

8.   At all relevant times alleged herein, Plaintiff is informed and believes, and thereon alleges that Comics Unleashed Productions, Inc. (hereafter "Comics Unleashed Productions") is and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  Plaintiff is further informed and believes, and thereon alleges, that Comics Unleashed Productions is authorized to conduct business, and does conduct business, in the State of California.

9.   Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant Byron Allen Folks (hereafter "Folks") is an individual and resident of the State of California.   At all relevant times herein, Mr. Folks was the owner, founder, managing agent, and officer of Defendants CF Entertainment, Entertainment Studios, and Comics Unleashed Productions.  At all relevant times, Folks either directly or indirectly employed or exercised control over the wages, hours, and working conditions of Plaintiff and putative class members.

10.  Upon information and belief, Defendants CF Entertainment, Comics Unleashed Productions, Entertainment Studios, Folks, and Does 1-100 improperly dominated and disregarded the separate corporate forms of one another, commingling funds and other assets; failing to separate the corporate funds; diverting the corporate funds or assets to unauthorized non corporate uses; treating the corporate assets as their own; failing to obtain authority to issue stock; holding out to third parties that they might be personally liable for debts of one another; failing to maintain adequate corporate records and minutes; maintaining sole

-3-
CLASS ACTION COMPLAINT

1  ownership or a majority of the stock of one another; hiring employees for both personal and
2  corporate uses; failing to adequately capitalize one another; using one another as a mere shell,
3  instrumentality, or conduit for a single venture; concealing and misrepresenting the identity
4  of the responsible ownership and financial interest; disregarding legal formalities and failing
5  to keep an arm's length relationship among related entities; using one another to procure
6  labor, services or merchandise for another person or entity; diverting corporate assets to
7  another person or entity; contracting with another with the intent to use one another as a
8  shield to personal liability; using one another as a subterfuge for illegal activities; and using
9  one another to transfer existing personal liability of another person or entity.

10      11.  The true names and capacities of Defendants Does 1 through 100, inclusive, are
11  unknown to Plaintiff at this time, and Plaintiff therefore sues such Defendants under fictitious
12  names.  Plaintiff is informed and believes, and thereon alleges, that each Defendant
13  designated as a Doe is highly responsible in some manner for the events and happenings
14  referred to herein, and legally cause the injuries and damages alleged in this Complaint.
15  Plaintiff will seek leave of the court to amend this Complaint to allege their true names and
16  capacities when ascertained.  Each and every Defendant was the alter egos of each other
17  and/or engaged in an integrated enterprise with each other.  Additionally, all of the
18  Defendants were joint employers of the Plaintiffs.

19      12.  Plaintiff is informed and believes and thereon alleges, that each and every
20  Defendant was the authorized agent, principal, partner, joint venturer, and guarantor, actual or
21  ostensible, of the other Defendants and had full authority to do as alleged herein, unless
22  alleged otherwise.  Furthermore, each and every Defendant was operating within the course
23  and scope of their agency, actual or ostensible, or as principal, partner, joint venturer, and
24  guarantor, with the other Defendants during the course of events described herein unless
25  alleged otherwise.

26      13.  As a direct and proximate result of the unlawful actions of Defendants, Plaintiff
27  and putative class members have suffered and continue to suffer from loss of earnings in
28  amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this
Court.

/ / /

CLASS ACTION COMPLAINT

## STATEMENT OF FACTS

14.  Plaintiff, Bernadette Pauley is an actress and comedian who was hired to work on the episodic television show Comics Unleashed produced by Comics Unleashed Productions, Inc. the alter-ego, integrated enterprise, and subsidiary of Defendants CF Entertainment, Entertainment Studios, and Byron Allen Folks.

15.  Comics Unleashed was an episodic television show which cast several hundred actors and comedians.

16.  Plaintiff Pauley was an actress and comedian who performed on the show.  Plaintiff and the other cast members signed a standardized contract entitling them to immediate monetary compensation and contingent residual payments for each episode that subsequently aired.  In exchange, Plaintiff and the other cast members agreed to perform on the show.

17.  In the course of their employment, Plaintiff and the other cast members incurred necessary expenditures in the discharge of their duties.  In some instances these expenditures included but were not limited to the cost of air travel, hotel accommodations, car rentals, wardrobe expenses, and gas required to travel to and from locations.  To date, Defendants have failed to indemnify Plaintiff for these necessary expenditures.

18.  Subsequent to the taping of Comics Unleashed, the show went on to have tremendous success airing repeatedly on major television networks, where it continues to air to this day.  Additionally, the show has aired and continues to be made available on a variety of digital media outlets.  Standing on the shoulders of the shows' achievement, Defendant Byron Allen Folks and his affiliate corporate entities have been catapulted to celebrity status and enjoyed great success.  Such achievements were recently profiled on the television show *The Insider*.

19.  On numerous occasions Plaintiff reached out to her union and agents of Defendants in an effort to recover her residual payments.  Although both the union and Defendants acknowledged that Plaintiff was entitled to residual payments in communications with Plaintiff, Defendants responded to Plaintiff's inquiries with continued delay and evasion. Plaintiff was forced to initiate the current litigation in order to receive her lawfully entitled compensation.

20.  To date, Plaintiff and putative class members have not been paid their residual fees as required under their contract, despite the fact that Comics Unleashed continues to enjoy

CLASS ACTION COMPLAINT

widespread circulation on various networks.  Defendants continue to profit from the show's success.

### INJURIES TO PLAINTIFFS

21.  As a direct and proximate result of the foregoing unlawful and malicious acts of Defendants, Plaintiff and putative class members have suffered monetary damage, past lost profits, future lost profits, loss of prejudgment interest, and consequential damages.

### CLASS ACTION ALLEGATIONS

22.  This action is appropriately suited for a Class Action because:

    a.  The potential class is a significant number.  Plaintiff is informed and believes that the class includes several hundred actors and comedians which performed on the show Comics Unleashed. Joinder of all putative class members individually would be impractical.

    b.  This action involves common questions of law and fact to the potential class because the action centers on contracts using a standardized clause entitling Plaintiff and putative class members to residual payments. Moreover, this action focuses on Defendants' systematic course of illegal employment practices and policies, which was applied to all putative class members in violation of state common law, the California Labor Code, and the California Business and Professions Code.

    c.  The claims of named Plaintiff are typical of the class because Defendants subjected all putative class members to identical contractual violations, as well as violations of the California Labor Code and Business and Professions Code.

    d.  The named Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due to her.  Moreover, named Plaintiff's counsel will fairly and adequately represent the named Plaintiff and the class.

///
///
///

-6-
CLASS ACTION COMPLAINT

**Class Action Complaint**

**FIRST CAUSE OF ACTION**

**Breach of Contract**

**(Plaintiff and Class Members against all Defendants)**

23.  Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 22.

24.  Plaintiff and class members entered into a standardized contract with Defendants where Plaintiff and class members would work on the show Comics Unleashed and in exchange Defendants would, in addition to other things, pay Plaintiff and class members an upfront monetary cost and provide each Plaintiff and class member with a residual payment for each episode that subsequently aired.

25.  Plaintiff and putative class members did all or substantially all of the things that were required of them under their contracts.

26.  All conditions required by the contract for Defendants' performance had either occurred or been excused.

27.  Despite repeated attempts on the part of Plaintiff to inquire as to the status of residual payments, Defendants have failed to properly pay Plaintiff and putative class members residual payments for subsequent airings as required under the contract. Moreover, Defendants have acted in bad faith either misrepresenting to Plaintiff the status of their payments, failing to return Plaintiff's phone calls, and at times lying to Plaintiff as to when her payments would be received.  Such conduct unfairly interfered with Plaintiff's right to receive the benefits of the contract.

28.  The amount of money due to Plaintiff from Defendants is unknown and cannot be ascertained without an accounting from Defendants of all subsequent airings of the television show Comics Unleashed.

29.  As a result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff and putative class members have suffered monetary damage, consequential damage, past lost profits, future damage, and harm subject to proof at trial.  Plaintiff and putative class members seek prejudgment interest, and reasonable attorneys' fees.

///

-7-

**SECOND CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures**

**[Cal. Labor Code § 2802]**

**(Plaintiff and Class Members against all Defendants)**

30. Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 29.

31. Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

32. During the class period, Defendants have knowingly and willfully failed to indemnify Plaintiff and class members for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of Defendants.

33. As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and class members have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to Labor Code § 2802(b). Additionally, class members are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in Labor Code § 2802(c), as well as all other available remedies.

**THIRD CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Statements to Employees**

**[Cal. Labor Code §§ 226; and 226.3]**

**(Plaintiff and Class Members against all Defendants)**

34. Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 33.

35. During the class period, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Defendants knowingly and intentionally failed to provide their non-exempt employees with accurate wage statements as required by Labor Code § 226.

36. As a proximate result of Defendants unlawful actions and omissions, Plaintiff and putative class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and putative class

-8-

members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to Labor Code §§ 226.3, and an award of costs, expenses, and reasonable attorneys' fees, including those provided in Labor Code § 226(e), as well as all other available remedies.

## FOURTH CAUSE OF ACTION

### Failure to Pay All Wages Due

### [Cal. Labor Code §§ 201, 202, 203]

### (Plaintiff and Class Members against all Defendants)

37.  Plaintiffs incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 36.

38.  Pursuant to California Labor Code §§ 201, 202, and 203, upon former employee Plaintiff's respective dates of discharge or quitting, Defendants were required to pay Plaintiff and class members all earned wages.  At the time of all former employee Plaintiff and class members dates of discharge, former employee Plaintiff and class members had unpaid wages. In violation of Labor Code §§ 201, 202 and 203, Defendants failed to pay each former employee Plaintiff any of the amount of wages due and owing him or her, in amounts to be proven at the time of trial, but in excess of the jurisdiction of this Court.

39.  Defendants' failure to pay former employee Plaintiff and putative class members the respective wages due and owing them was willful, as Defendants were apprised of the wages due, and a demand was made for payment of all wages due.

40.  Defendants' failure to pay former employee Plaintiff and putative class members all wages due was done with the wrongful and deliberate intention of injuring Plaintiff and putative class members, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights.

41.  Defendants' willful failure to pay Plaintiff the wages due and owing each of them constitutes violations of Labor Code §§ 201, 202 and 203, which provides that an employee's wages will continue as a penalty for up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to penalties, attorneys' fees, expenses and costs incurred in this action.

Exhibit B, Page 53

### FIFTH CAUSE OF ACTION

**Unfair Business Practices**

**[California Business and Professions Code §§ 17200-17208]**

**(Plaintiff and Class Members against all Defendants)**

42.  Plaintiff incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 41.

43.  By violating the foregoing statutes and regulations, breaching Plaintiff and putative class members' contracts, and engaging in the aforementioned conduct, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, et seq.

44.  Defendants' violations of California contract and employment laws constitute a business practice because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and putative class members.

45.  For the four (4) years preceding the filing of this action, Plaintiff and putative class members request restitution of all monies to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

### REPRESENTATIVE ACTION

### SIXTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**(California Labor Code §§ 2698-2699.5)**

**(Plaintiffs and Aggrieved Employees against all Defendants)**

46.  Plaintiffs incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 45 with exception to the allegations concerning class action designation, paragraph 22 (A-D).

47.  Pursuant to California Labor Code sections 2698-2699.5, Plaintiffs are entitled to collect civil penalties from Defendants in a representative action for the California Labor Code violations set forth above.  Plaintiffs are aggrieved employees and seek to collect civil penalties on behalf of the State of California for Defendants violations of California Labor Code including, but not limited to, sections 201, 202, 203, 221, 226, 226.7, 227.3, 512, 558, 1174, 1194, 1197, 1197.1 and 2802, which include, but are not limited to, penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558, 1174.5 and 1197.1.

-10-
CLASS ACTION COMPLAINT

48.  Plaintiffs have given written notice by certified mail to the Labor and Workforce Development Agency of the specific Labor Code provisions alleged to have been violated, including the facts and theories to support the alleged violations.

49.  Plaintiffs have complied with the requirements set forth in California Labor Code section 2699.3.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully pray for relief against Defendants as follows:

a.  For certification of the action as a class action on behalf of the proposed class and subclasses;

b.  For an order appointing Plaintiffs as class and subclass representatives, and Plaintiffs' counsel as counsel for the class and subclasses;

c.  For compensatory damages;

d.  For consequential damages, past lost profits, and future lost profits;

e.  For back wages, reimbursement, and/or restitution of all monies due to Plaintiffs and disgorged profits from the unlawful business practices of Defendants;

f.  For actual and statutory damages and/or penalties pursuant to Labor Code § 226(e);

g.  For all penalties authorized under Labor Code § 2699;

h.  For a preliminary and permanent injunction enjoining Defendants from violating the relevant provisions of the Labor Code and common law causes of action, and requiring Defendants to cease and desist from engaging in the unlawful acts and unlawful business practices complained of herein;

i.  For waiting time penalties pursuant to Labor Code § 203;

j.  For statutory penalties according to proof;

k.  For interest on the unpaid wages at 10% per annum pursuant to Labor Code §§ 218.6, 2802, California Civil Code §§ 3278, 3288, and/or any other applicable provision providing for pre-judgment interest;

l.  For reasonable attorney's fees and costs including but not limited to those provided by Labor Code §§ 2699, 2802, 226(e), Civil Code § 1021.5, and any other applicable provision providing for attorney's fees and costs.

m.  For declaratory judgment;

-11-

CLASS ACTION COMPLAINT

1    n.   For such other and further relief that the Court may deem just and proper.

2

3    DATED: February 5, 2013                Respectfully submitted,

4                                           LAW OFFICES OF MATTHEW J. MATERN

5

6

7

8    By: _____

9                                           Matthew J. Matern
                                            Tagore O. Subramaniam
10                                          Attorney for Plaintiff,
                                            Bernadette Pauley, on behalf of herself and all
11                                          others similarly situated.

12                          **DEMAND FOR JURY TRIAL**

13        Plaintiff, on behalf of herself and all others similarly situated,  hereby demand a

14   jury trial with respect to all issues triable of right by jury.

15

16   DATED: February 5, 2013                Respectfully submitted,

17                                          LAW OFFICES OF MATTHEW J. MATERN

18

19

20   By: _____

21                                          Matthew J. Matern
                                            Tagore O. Subramaniam
22                                          Attorney for Plaintiff,
                                            Bernadette Pauley, on behalf of herself and all
23                                          others similarly situated.

24

25

26

27

28

-12-
CLASS ACTION COMPLAINT

Exhibit B, Page 56

1   LOEB & LOEB LLP
    IVY KAGAN BIERMAN (SBN 117750)
2   ibierman@loeb.com
    JON DARYANANI (SBN 205149)
3   jdaryanani@loeb.com
    RAMON RAMIREZ (SBN 280772)
4   rramirez@loeb.com
    10100 Santa Monica Blvd., Suite 2200
5   Los Angeles, CA  90067
    Telephone: 310.282.2000
6   Facsimile: 310.282.2200

7   Attorneys for Defendants CF
    Entertainment, et al.
8

FILED
LOS ANGELES SUPERIOR COURT
APR 03 2013
JOHN A. CLARKE, CLERK
BY K. BOWEN, DEPUTY

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     FOR THE COUNTY OF LOS ANGELES

11

12   BERNADETTE PAULEY, an individual,      )   Case No.: BC498021  0322
     on behalf of herself and all others similarly )
13   situated,                             )   Assigned to Hon. Kenneth Freeman
                                            )
14              Plaintiffs,                 )   **CLASS ACTION**
                                            )
15          v.                              )   **NOTICE OF APPEARANCE OF
                                            )   COUNSEL FOR DEFENDANTS CF
16   CF ENTERTAINMENT, a California         )   ENTERTAINMENT, ET AL.**
     corporation; COMICS UNLEASHED          )
17   PRODUCTIONS, INC., a California        )
     corporation; ENTERTAINMENT            )
18   STUDIOS, INC., a California corporation; )
     BYRON ALLEN FOLKS, an individual;      )
19   and DOES 1 through 100 inclusive,      )
                                            )
20              Defendants.                 )
                                            )
21                                          )

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations
LA2289128.1
013565-10021
─────────────────────────
                            NOTICE OF APPEARANCE

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT, defendants CF Entertainment, Comics Unleashed

3  Productions, Inc., Entertainment Studios, Inc. and Byron Allen Folks shall be represented

4  in this matter by Ivy Kagan Bierman, Jon Daryanani and Ramon Ramirez of Loeb & Loeb

5  LLP, 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, CA 90067.

6

7  Dated:  April 3, 2013

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOEB & LOEB LLP
IVY KAGAN BIERMAN
JON DARYANANI
RAMON RAMIREZ

By: _____
Ivy Kagan Bierman
Jon Daryanani
Ramon Ramirez
Attorneys for Defendants
CF Entertainment, et al.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2289128.1
013565-10021

2
NOTICE OF APPEARANCE

Exhibit B, Page 58

**PROOF OF SERVICE**

I, Linda Ehrlich, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, CA 90067.

On April 3, 2013, I served a true copy of the **NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS CF ENTERTAINMENT, ET AL.,** on the parties in this cause as follows:

☑    (VIA EMAIL) I caused the transmission of the above-named document(s) to the email address set forth below, or on the attached service list.

Matthew J. Matern
(matthewjmatern@gmail.com)
Tagore O. Subramaniam
(tagore.subramaniam@gmail.com)
Law Offices of Matthew J. Matern
3655 Torrance Boulevard, Suite 315
Torrance, California 90503

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 3, 2013, at Los Angeles, California.

Linda Ehrlich

1

2

3

4   **FILED**
LOS ANGELES SUPERIOR COURT

5   APR 10 2013

6   JOHN A. CLARKE, CLERK

7   BY ELMER SABALBURO, DEPUTY

8

9

10   SUPERIOR COURT OF THE STATE OF CALIFORNIA

   COUNTY OF LOS ANGELES

11

12

13   BERNADETTE PAULEY, et al.,          Case No.:  BC498021

14              Plaintiff(s)

                                         ORDER AUTHORIZING ELECTRONIC
15   v.                                  SERVICE

16   CF ENTERTAINMENT., et al.,          Case assigned for all purposes to
                                         Judge Kenneth R. Freeman
17              Defendant(s)

18

19

20

21

22        The Court has deemed this matter to be complex litigation within the meaning of the

23   California Standards of Judicial Administration for Complex Litigation Standard 3.10 and

24   California Rules of Court, rules 3.400 et. seq. As such, this is a case that requires specialized

25   management to avoid placing unnecessary burdens on the Court or the litigants, and to keep costs

26   reasonable.

27        Pursuant to Code of Civil Procedure §187 and California Rules of Court, Rules 2.253(a)

28   and 3.751, and the stipulation of the parties, the Court makes this Order to reduce the costs of

1

ORDER AUTHORIZING ELECTRONIC SERVICE

Exhibit B, Page 60

litigation; to facilitate case management, document retrieval, and case organization; and to facilitate communication between Court and counsel in these proceedings.  The Court finds that entry of this Order is necessary for the just, expeditious, and efficient litigation of this Action and that compliance with the terms herein will not result in unnecessary hardship or significant prejudice to any of the parties in this matter.

When a party to this litigation wishes to serve a document to counsel of record, that party shall effectuate service of the document by the procedure set forth in this Order (subject to the exceptions outlined herein):

## I.   CASE ANYWHERE LLC ("CASE ANYWHERE")

1. In order to facilitate case management, document retrieval and case organization, the parties will utilize the services of CASE ANYWHERE and its litigation system (the "System") for providing electronic service, storage and delivery of court-filed and discovery-related documents through a secure website to facilitate expeditious, efficient and economical communication by and amongst counsel.  The Court, at its option, may also use CASE ANYWHERE and its System for these purposes as well to communicate with counsel of record.

## II.   SERVICE ONLY

2. The System shall apply only to the service of documents, and not to their filing. Original documents must still be filed in the traditional manner (i.e., filing the signed original document with the Court), pursuant to the applicable California Rules of Court and Local Rules of such Court.

ORDER AUTHORIZING ELECTRONIC SERVICE

Exhibit B, Page 61

III.    **SERVICE LIST & SIGN-UP**

    3. Within five (5) days of this Order, Plaintiff's counsel shall submit to the CASE ANYWHERE representative Wayne Nitti, at support@caseanywhere.com, a complete and current service list of counsel of record for this litigation.  Within five days of this Order, all law firms of record shall provide the following information to CASE ANYWHERE:  (i) firm address; (ii) firm telephone number; (iii) firm facsimile number; (iv) identity of lead attorney(s) for this litigation; (v) list of other firm attorneys to be provided access (if any); (vi) list of firm professional staff to be provided access (if any); (vii) email addresses of all attorneys and professional staff to be provided access; and (viii) list of parties represented.  Firms should also provide the name and address of the individual designated to receive billing invoices.  The above information shall be provided to CASE ANYWHERE by email (support@caseanywhere.com), citing the case title in the subject line; fax (310.564.7701); or mail/overnight courier (CASE ANYWHERE LLC, 1250 Sixth Street, Suite 205, Santa Monica, CA 90401).

IV.    **SERVICE OF DOCUMENTS AND WEBSITE**

    4. When any counsel of record wishes to serve a document, that counsel shall serve the document according to all the requirements and procedures of this Order.  All references to "document" in this Order shall be interpreted to include any exhibits or attachments to the document and shall include both pleadings and discovery-related documents (such as interrogatories, requests for production, deposition notices, etc.); provided, however, that each attorney shall determine individually whether to utilize the System to serve correspondence or for production of discovery documents, provided large volume productions shall be coordinated with CASE ANYWHERE.

5. CASE ANYWHERE shall establish and maintain an Internet website (the "Website") for this litigation. CASE ANYWHERE will post all documents served by the parties to the Website as provided in this Order and shall serve each document on the parties included on the service list provided to CASE ANYWHERE in accordance with the procedures herein.

6. Each attorney shall serve each document via electronic transfer of the document file to CASE ANYWHERE via the Internet (either as a word-processing file or a scanned image of the document). Each attorney shall title each document to identify the type and purpose of each document and the party who is submitting such document. Each document electronically served pursuant to this Order shall be deemed to have been served under the California Rules of Court. All documents including attachments or exhibits shall have the attachments and exhibits bookmarked on the pdf documents uploaded to the Case Anywhere website.

7. After CASE ANYWHERE receives a document, CASE ANYWHERE shall convert such document into Adobe Portable Document Format ("PDF") and post it to the Website within one (1) hour of receipt.

8. Within one (1) hour of the time a document is posted to the Website, CASE ANYWHERE shall send an email to all registered users notifying them that the document has been posted to the Website (unless such registered user has declined to receive such email notifications). The email shall contain hypertext link(s) to the System.

9. Electronic service shall be complete at the time of transmission, provided any period of notice or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic transmission by two court days, but the

extension shall not extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal.

10. In the event a document that is to be filed with the Court is rejected by the Court for filing after it has been posted on the Website by CASE ANYWHERE, the rejection was caused by an aspect of the caption of the document, and the party seeking to file the document successfully files it with the Court within two (2) business days of its rejection with revisions to the caption only, then the party filing the document shall promptly submit a notice of successful filing, including the date of the filing and the revised page(s) of the caption, to CASE ANYWHERE for posting on the Website. In all other circumstances in which a document to be filed with the Court is rejected for filing after CASE ANYWHERE has posted it on the Website, the party that caused the document to be posted shall promptly notify CASE ANYWHERE in writing that the document was rejected by the Court for filing. CASE ANYWHERE shall cause a permanent notation to be placed on the Website in conjunction with that document memorializing the fact of rejection.

11. All documents posted on the System will be identified by: (a) the name of the serving law firm; (b) the caption(s) of the case(s) to which the document belongs; (c) the title of the document set forth on its caption; and (d) the identity of the party on whose behalf the document is being served.

12. The System shall contain an index of all served documents for the litigation that will be searchable and sortable according to methods that provide useful 24/7 365 days' access to the documents.

13. Access to the System will be limited to registered users. Registered users will consist of authorized Court personnel, counsel of record and their designated staff members, clients,

5

consultants, and experts.  CASE ANYWHERE will provide each registered user with a user name and password to access the System and the documents served in the litigation.  CASE ANYWHERE personnel will perform all administrative functions for the System, but all initial data, additions, deletions or changes to the service list must be approved by the lead counsel for Plaintiffs and Defendants.  Any disputes regarding initial data, additions, deletions or changes to the service list shall be submitted by CASE ANYWHERE to the Court for resolution.

14. Every pleading, document and instrument served electronically shall bear a facsimile or typographical signature of at least one of the attorneys of record, along with the typed name, address, telephone number and State Bar of California number of such attorney.  Typographical signatures shall be treated exactly as personal signatures for purposes of electronically served documents under the California Rules of Court.  The serving party of any document requiring multiple signatures (e.g., stipulations, joint status reports) must list thereon all the names of other signatories by means of an "s/____" block for each.  By submitting such a document, the serving party certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the serving party has the actual authority to submit the document electronically.  The serving party must maintain any records evidencing this concurrence for subsequent production to the Court if so ordered or for inspection upon request by a party.

15. Any document transmitted to the System shall certify in the Proof of Service that a true and correct copy was electronically served on counsel of record by transmission to CASE ANYWHERE.

16. Until further notice, documents filed under seal ("sealed documents") shall not be served through the System.  Instead, the service of sealed documents shall be made pursuant to the applicable California Rules of Court.

6

17. CASE ANYWHERE shall have available to counsel of record and the Court a telephone ((800) 884-3163) and e-mail (support@caseanywhere.com) helpline available 365 days a year for the minimum hours of 6:00 a.m. to 9:00 p.m. (PST).

18. Counsel for Plaintiff is ordered to prepare, serve and file within 5 days, a Service List identifying all parties and their counsel which shall include the name of lead and backup attorneys, addresses, including email addresses, and telephone numbers for all counsel. Counsel for Plaintiff is further ordered to serve a copy of this ORDER AUTHORIZING ELECTRONIC SERVICE on all counsel concurrently with service of the Service List.

19. CASE ANYWHERE shall activate the message/bulletin board function for the above entitled case. All attorneys on the service list will automatically have access to the Message Boards and start to receive e-mail notifications of new message board postings. If an attorney does not want to receive the e-mail notifications or wants other staff members to receive e-mail notifications, they are to contact customer support at CASE ANYWHERE (800) 884-3163 or (310) 209-8596.

**IT IS SO ORDERED**.

Dated: April 10, 2013

Kenneth R. Freeman
Judge of the Superior Court

7

ORDER AUTHORIZING ELECTRONIC SERVICE

ORIGINAL

RECEIVED
By JUL 30 2013

FILED
Superior Court of California
County of Los Angeles

JUL 3 1 2013

John A. Clarke, Executive Officer/ Clerk

_____, Deputy
R. ARRIAGA

1    LAW OFFICES OF MATTHEW J. MATERN
     MATTHEW J. MATERN, SBN 159798
2    matthewjmatern.mlg@gmail.com
     TAGORE O. SUBRAMANIAM, SBN 280126
3    tagore.mlg@gmail.com
     3655 Torrance Boulevard, Suite 315
4    Torrance, California 90503
     Telephone:    (424) 247-1172
5    Facsimile:    (424) 247-1173

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA
                      FOR THE COUNTY OF LOS ANGELES
8

9    BERNADETTE PAULEY, an individual,        Case No. BC498021
     on behalf of herself and all others similarly
10   situated,                                Hon.  Kenneth Freeman, Dept. 310

11              Plaintiffs,

12        v.                                  STIPULATION TO CONTINUE
                                              HEARING OF DEFENDANTS' MOTION
13   CF ENTERTAINMENT, a California           TO COMPEL ARBITRATION;
     corporation; COMICS UNLEASHED            [PROPOSED] ORDER HEREWITH
14   PRODUCTIONS, INC., a California
     corporation; ENTERTAINMENT
15   STUDIOS, INC., a California corporation;
     BYRON ALLEN FOLKS, an individual;        BY FAX
16   and DOES 1 through 100, inclusive,

17              Defendants.

18

19

20        IT IS HEREBY STIPULATED by and between Plaintiff Bernadette Pauley ("Plaintiff"),

21   on the one hand, and Defendants CF Entertainment, Comics Unleashed Productions, Inc.,

22   Entertainment Studios, Inc., and Byron Allen Folks ("Defendants"), on the other hand, by and

23   between their respective attorneys, Tagore Subramaniam and Matthew J. Matern of the Law

24   Offices of Matthew J. Matern, and Ivy Kagan Bierman and Ramon Ramirez of Loeb & Loeb LLP,

25   as follows:

26

27

28
                                      -1-

Exhibit B, Page 67

1        WHEREAS, a status conference and hearing on Defendants' Motion to Compel

2   Arbitration is currently set for August 23, 2013 at 10:00 a.m (the "Hearing");

3        WHEREAS, the Parties are currently negotiating the terms for a stipulation to arbitrate

4   Plaintiff's claims herein;

5        WHEREAS, Plaintiff and Defendants agree that it is in the interest of both parties to

6   continue the hearing of Defendant's Motion to Compel Arbitration by 30 days while they

7

8   endeavor to finalize a stipulation to arbitrate Plaintiff's claims.

9        NOW THEREFORE, Plaintiff and Defendants stipulate that the August 23, 2013 status

10  conference and hearing on Defendants' Motion to Compel Arbitration should be continued to

11  September 23, 2013 or as soon thereafter as this Court may hear the matter.

12  SO STIPULATED.

13  DATED: July 30, 2013

14                          LAW OFFICES OF MATTHEW J. MATERN

15

16                  By:

17                          Matthew J. Matern, Esq.
                        Tagore O. Subramaniam, Esq.

18                          Attorneys for Plaintiff
                        BERNADETTE PAULEY

19

20  DATED: July 30, 2013

21                          LOEB & LOEB LLP

22

23                  By:

24                          Ivy Kagan Bierman, Esq.
                        Ramon Ramirez, Esq.

25                          Attorneys for Defendants,
                        CF ENTERTAINMENT, et al.

26

27

28

-2-

Exhibit B, Page 68



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER

Pursuant to Stipulation, good cause having been shown;

IT IS HEREBY ORDERED THAT the hearing on Defendants' Motion to Compel Arbitration will be continued from August 23, 2013 to September October **2**, 2013 at 10:00am.

Dated: **7-31-13**

HONORABLE KENNETH FREEMAN
JUDGE OF THE SUPERIOR COURT

-1-

1   **LAW OFFICES OF MATTHEW J. MATERN**
    MATTHEW J. MATERN, SBN 159798
2   matthewjmatern.mlg@gmail.com
    TAGORE O. SUBRAMANIAM, SBN 280126
3   tagore.mlg@gmail.com
    3655 Torrance Boulevard, Suite 315
4   Torrance, California 90503
    Telephone:    (424) 247-1172
5   Facsimile:    (424) 247-1173

6

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                         **FOR THE COUNTY OF LOS ANGELES**

8

9   BERNADETTE PAULEY, an individual,        Case No. BC498021
    on behalf of herself and all others similarly
10  situated,                                Hon.  Kenneth Freeman, Dept. 310

11              Plaintiffs,

12          v.                               **PROOF OF SERVICE**

13  CF ENTERTAINMENT, a California
    corporation; COMICS UNLEASHED
14  PRODUCTIONS, INC., a California
    corporation; ENTERTAINMENT
15  STUDIOS, INC., a California corporation;
    BYRON ALLEN FOLKS, an individual;
16  and DOES 1 through 100, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                    -1-

Exhibit B, Page 70

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 3655 Torrance Boulevard, Suite 315, Torrance, California 90503.

On July 30, 2013, I served the document described as:

- **STIPULATION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND [PROPOSED] ORDER**

By electronic service (via electronic filing service provider) – electronically transmitting the documents listed above to Case Anywhere, an electronic filing service provider, at www.caseanywhere.com pursuant to the Court's Order Authorizing Electronic in the matter of  *Pauley et al. v. CF Entertainment et al.,* LASC BC498021 mandating electronic service.  The transmission(s) was reported as complete and without error to the addresses as stated on the attached service list.

| | |
|---|---|
| LOEB & LOEB, LLP<br>Ivy Kagan Bierman<br>Ramon Ramirez<br>10100 Santa Monica Boulevard, Suite 2200<br>Los Angeles, CA 90067 | Attorney for Defendants CF Entertainment, Comics Unleashed Productions, Inc., Entertainment Studios, Inc., and Byron Allen Folks. |

  /s/ Tagore Subramanim

Tagore Subramaniam

-2-

1   LOEB & LOEB LLP
    IVY KAGAN BIERMAN (SBN 117750)
2   ibierman@loeb.com
    RAMON RAMIREZ (SBN 280772)
3   rramirez@loeb.com                           **FILED**
    10100 Santa Monica Blvd., Suite 2200        SUPERIOR COURT OF CALIFORNIA
4   Los Angeles, CA  90067                          COUNTY OF LOS ANGELES
    Telephone: 310.282.2000
5   Facsimile: 310.282.2200                         SEP 1 0 2013

6   Attorneys for Defendants                    By _____, Deputy
    CF ENTERTAINMENT, et al.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  BERNADETTE PAULEY, an individual,    )  Case No.: BC498021
    on behalf of herself and all others similarly )
12  situated,                            )  Assigned to Hon. Kenneth Freeman
                                         )
13          Plaintiffs,                  )  Date:       October 2, 2013
                                         )  Time:       10:00 a.m.
14     v.                                )  Dept.:      310
                                         )
15  CF ENTERTAINMENT, a California       )  **CLASS ACTION**
    corporation; COMICS UNLEASHED        )
16  PRODUCTIONS, INC., a California      )  **DEFENDANTS' NOTICE OF**
    corporation; ENTERTAINMENT          )  **MOTION AND MOTION FOR**
17  STUDIOS, INC., a California corporation; )  **ORDER:**
    BYRON ALLEN FOLKS, an individual;    )
18  and DOES 1 through 100, inclusive,   )  **(1) COMPELLING ARBITRATION**
                                         )  **OF PLAINTIFF'S INDIVIDUAL**
19          Defendants.                  )  **CLAIMS;**
                                         )
20                                       )  **(2) DISMISSING CLASS CLAIMS;**
                                         )  **AND**
21                                       )
                                         )  **(3) DISMISSING PLAINTIFF'S**
22                                       )  **INDIVIDUAL CLAIMS OR, IN THE**
                                         )  **ALTERNATIVE, STAYING**
23                                       )  **PROCEEDINGS AS TO**
                                         )  **PLAINTIFF'S INDIVIDUAL**
24                                       )  **CLAIMS**
                                         )
25  _____ )

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2318381.2
013565-10029

DEFENDANTS' MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING
CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

Exhibit B, Page 72

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, on October 2, 2013 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Department 310 of the above-entitled Court, located at 600 S. Commonwealth Ave., Los Angeles, California 90005, defendants CF Entertainment, Comics Unleashed Productions, Inc., Entertainment Studios, Inc. and Byron Allen Folks (collectively, "Defendants") will and hereby do move the Court for an Order: (1) compelling arbitration of all of plaintiff Bernadette Pauley's individual claims in the above-captioned action; (2) dismissing all of the class claims; and (3) dismissing Plaintiff's individual claims in their entirety or, in the alternative, staying these proceedings as to Plaintiff's individual claims pending the completion of arbitration (the "Motion").

The Motion is made on the ground that Plaintiff is required to submit all of her individual claims to final and binding arbitration pursuant to the terms of the collective bargaining agreement negotiated and entered into by Plaintiff's union and collective bargaining representative, the American Federation of Television and Radio Artists ("AFTRA"). Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*; California Arbitration Act ("CAA"), Cal. Code Civ. Proc. § 1281 *et seq.* The Motion is further made on the ground that all of Plaintiff's class claims cannot be maintained because Defendants cannot be compelled to arbitrate class claims, as such claims are not expressly provided for in the collective bargaining agreement. *Kinecta Alt. Fin. Solutions, Inc. v. Super. Ct.*, 205 Cal. App. 4th 506, 519 (2012) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S. Ct. 1758, 1776 (2010)). The Motion is further made on the ground that Plaintiff's individual and class claims brought as her second through sixth causes of action are barred by the applicable statutes of limitations.

///

///

///

///

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2318381.2
013565-10029

2

DEFENDANTS' MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING
CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

Exhibit B, Page 73

1      The Motion is based on this Notice of Motion and Motion, the Memorandum of

2 Points and Authorities attached hereto, the Declaration of Barry Ilovitch and exhibits

3 thereto, the pleadings, papers and records on file in this action, and such further evidence,

4 argument, and authority as may be presented at the time of hearing on the Motion.

5

6 Dated:   September 10, 2013          LOEB & LOEB LLP

7                                 IVY KAGAN BIERMAN
                                RAMON RAMIREZ

8

9                                 By:

10                                   Ivy Kagan Bierman
                                Attorneys for Defendants
                                CF ENTERTAINMENT, et al.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2318381.2
013565-10029

3

DEFENDANTS' MOTION FOR ORDER COMPELLING ARBITRATION, DISMISSING
CLASS CLAIMS, AND DISMISSING OR STAYING INDIVIDUAL CLAIMS

Exhibit B, Page 74

1  | LOEB & LOEB LLP
2  | IVY KAGAN BIERMAN (SBN 117750)
   | ibierman@loeb.com
3  | RAMON RAMIREZ (SBN 280772)
   | rramirez@loeb.com
4  | 10100 Santa Monica Blvd., Suite 2200
   | Los Angeles, CA  90067
5  | Telephone: 310.282.2000
   | Facsimile: 310.282.2200
6  | Attorneys for Defendants
7  | CF ENTERTAINMENT, et al.

RECEIVED
SEP 10 2013
BY:------------------

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

11  BERNADETTE PAULEY, an individual,      )  Case No.: BC498021
12  on behalf of herself and all others similarly  )
    situated,                                       )  Assigned to Hon. Kenneth Freeman
13                                                  )
            Plaintiffs,                             )  Date:     October 2, 2013
14                                                  )  Time:     10:00 a.m.
        v.                                          )  Dept.:    310
15                                                  )
    CF ENTERTAINMENT, a California             )  **CLASS ACTION**
16  corporation; COMICS UNLEASHED             )
    PRODUCTIONS, INC., a California            )  **[PROPOSED] ORDER GRANTING**
17  corporation; ENTERTAINMENT                )  **DEFENDANTS' MOTION FOR**
    STUDIOS, INC., a California corporation;   )  **ORDER:**
18  BYRON ALLEN FOLKS, an individual;          )
    and DOES 1 through 100, inclusive,         )  **(1) COMPELLING ARBITRATION**
19                                                  )  **OF PLAINTIFF'S INDIVIDUAL**
            Defendants.                           )  **CLAIMS;**
20                                                  )
                                                   )  **(2) DISMISSING CLASS CLAIMS;**
21                                                  )  **AND**
                                                   )
22                                                  )  **(3) DISMISSING PLAINTIFF'S**
                                                   )  **INDIVIDUAL CLAIMS OR, IN THE**
23                                                  )  **ALTERNATIVE, STAYING**
                                                   )  **PROCEEDINGS AS TO**
24                                                  )  **PLAINTIFF'S INDIVIDUAL**
                                                   )  **CLAIMS**
25                                                  )
26
27
28

Loeb & Loeb
limited Liability Partnership
Including Professional
Corporations

LA2319147.1
013565-10029

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION

Exhibit B, Page 75

1    Having considered Defendants' Notice of Motion and Motion for Order: (1)
2  Compelling Arbitration of Plaintiff's Individual Claims; (2) Dismissing Class Claims; and
3  (3) Dismissing Plaintiff's Individual Claims or, in the Alternative, Staying Proceedings as
4  to Plaintiff's Individual Claims; having considered the arguments of the parties; and good
5  cause having been shown;

6    **IT IS HEREBY ORDERED**, as follows:

7    (1) Plaintiff's claims are compelled to arbitration on an individual basis;

8    (2) Plaintiff's class claims are dismissed; and

9    (3) Plaintiff's individual claims are dismissed.  [OR]

10    (3) Plaintiff's individual claims are stayed pending the completion of the arbitration.

11

12  Dated: _____, 2013

13                                          _____
14                                          HON. KENNETH FREEMAN
                                            Judge of the Superior Court
                                            of the State of California
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
limited Liability Partnership
Including Professional
Corporations

LA2319147.1
013565-10029

2
[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION

Exhibit B, Page 76

1    LOEB & LOEB LLP
    IVY KAGAN BIERMAN (SBN 117750)
2    ibierman@loeb.com
    RAMON RAMIREZ (SBN 280772)
3    rramirez@loeb.com
    10100 Santa Monica Blvd., Suite 2200
4    Los Angeles, CA 90067
    Telephone: 310.282.2000
5    Facsimile: 310.282.2200

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 10 2013

BY _____, Deputy

6    Attorneys for Defendants
    CF ENTERTAINMENT, et al.

7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES

10

11   BERNADETTE PAULEY, an individual,    )   Case No.: BC498021
    on behalf of herself and all others similarly   )
12   situated,                             )   Assigned to Hon. Kenneth Freeman
13           Plaintiffs,          )   **CLASS ACTION**
                                  )
14       v.                        )
15   CF ENTERTAINMENT, a California     )   **PROOF OF SERVICE**
    corporation; COMICS UNLEASHED     )
16   PRODUCTIONS, INC., a California      )
    corporation; ENTERTAINMENT        )
17   STUDIOS, INC., a California corporation;   )
    BYRON ALLEN FOLKS, an individual;    )
18   and DOES 1 through 100, inclusive,      )
                                  )
19         Defendants.        )
                                  )
20

21

22

23

24

25

26

27

28

LA2319174.1
013565-10029               PROOF OF SERVICE

**PROOF OF SERVICE**

1

2        I, Martha Ortiz, the undersigned, declare that:

3        I am employed in the County of Los Angeles, State of California, over the age of

4    18, and not a party to this cause.  My business address is 10100 Santa Monica Boulevard,

5    Suite 2200, Los Angeles, CA  90067.

6        On September 10, 2013, I served a true copy of the following documents on the

7    parties in this cause as follows:

8        **1.      DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER:**

9    **(1) COMPELLING ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS; (2)**
     **DISMISSING CLASS CLAIMS; AND (3) DISMISSING PLAINTIFF'S**

10   **INDIVIDUAL CLAIMS OR, IN THE ALTERNATIVE, STAYING PROCEEDINGS**
     **AS TO PLAINTIFF'S INDIVIDUAL CLAIMS**

11

12       **2.      DECLARATION OF BARRY ILOVITCH IN SUPPORT OF**
     **DEFENDANTS' MOTION FOR ORDER: (1) COMPELLING ARBITRATION OF**

13   **PLAINTIFF'S INDIVIDUAL CLAIMS; (2) DISMISSING CLASS CLAIMS; AND**
     **(3) DISMISSING PLAINTIFF'S INDIVIDUAL CLAIMS OR, IN THE**

14   **ALTERNATIVE, STAYING PROCEEDINGS AS TO PLAINTIFF'S INDIVIDUAL**
     **CLAIMS**

15

16       **3.      [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR**
     **ORDER: (1) COMPELLING ARBITRATION OF PLAINTIFF'S INDIVIDUAL**

17   **CLAIMS; (2) DISMISSING CLASS CLAIMS; AND (3) DISMISSING**
     **PLAINTIFF'S INDIVIDUAL CLAIMS OR, IN THE ALTERNATIVE, STAYING**

18   **PROCEEDINGS AS TO PLAINTIFF'S INDIVIDUAL CLAIMS**

19

20

21       **[X]      (VIA HAND DELIVERY)** in a sealed envelope I caused each such

22   document to be delivered by hand to the offices of each interested party as set forth

23   below, or on the attached service list.

         **[X]      (VIA CASE ANYWHERE)** I caused a true and correct copy of the

24   documents listed above to be electronically served on counsel of record by transmission

25   to CASE ANYWHERE.

26

27

28

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA2319174.1
013565-10029

                                    2
                            PROOF OF SERVICE

1  **Law Offices of Matthew J. Matern**

2  **Matthew J. Matern, Esq.**
   **Tagore O. Subramaniam, Esq.**

3  **3655 Torrance Boulevard, Suite 315**
   **Torrance, California 90503**

4  **Tel:  (424) 247-1172**

5  **Fax:  (424) 247-1173**
   **Email:  tagore.subramaniam@gmail.com**

6

**Attorneys For Plaintiff:**
**Bernadette Pauley, on behalf of**
**herself and all others similarly**
**situated**

7

8          I certify that I am employed in the office of a member of the bar of this court at

9  whose direction the service was made.

10         I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing

11 correspondence for mailing with the United States Postal Service and Overnight Delivery

12 Service.  That practice includes the deposit of all correspondence with the United States

13 Postal Service and/or Overnight Delivery Service the same day it is collected and

   processed.

14         I declare under penalty of perjury under the laws of the State of California that the

15 foregoing is true and correct.

16         Executed on September 10, 2013, at Los Angeles, California.

17

18                                     _Martha Ortiz_
                                       Martha Ortiz

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

LA2319174.1
013565-10029

3
PROOF OF SERVICE

Exhibit B, Page 79

# ORIGINAL



| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Matthew J. Matern<br>Law Offices of Matthew J. Matern<br>3655 Torrance Boulevard, Suite 315<br>Torrance, California 90503 | 159798 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**SEP 17 2013**<br>John A. Clarke, Executive Officer/ Clerk<br>By _____, Deputy<br>R. ARRAIGA |

ATTORNEY FOR (Name): Bernadette Pauley

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
CCW - 600 S. Commonwealth Avenue, Los Angeles, CA 90005

PLAINTIFF:
Bernadette Pauley

DEFENDANT:
CF Entertainment, et al.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC498021   **BY FAX** |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

  Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having
  designated the defendant in the complaint by the fictitious name of:

  FICTITIOUS NAME
  Doe 1

  and having discovered the true name of the defendant to be:

  TRUE NAME
  SCREEN ACTORS GUILD - AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS

  amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>09/17/2013 | TYPE OR PRINT NAME<br>Matthew J. Matern | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

  The plaintiff, having designated a defendant in the complaint by the incorrect name of:

  INCORRECT NAME

  and having discovered the true name of the defendant to be:

  TRUE NAME

  amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____                    _____
Dated                                           Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | **AMENDMENT TO COMPLAINT**<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

Exhibit B, Page 80

1

**PROOF OF SERVICE**

2     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and not a party to this action.  My business address is 3655 Torrance Boulevard, Torrance,

3     California 90503.

4     On September 17, 2013, I served the following document or documents:

5     **AMENDMENT TO COMPLAINT – (FICTITIOUS/INCORRECT NAME)**

6

☒     **By e-mail or electronic transmission.** I caused the document or documents to be

7     electronically transmitted to Case Anywhere, an electronic filing service provider, at www.caseanywhere.com pursuant to the Court's Electronic Case Management Order

8     governing the matter entitled *Bernadette Pauley, et al. v. CF Entertainment, et al.* LASC Case No.: BC 498021 mandating electronic service.  The transmission was reported as

9     complete and without error to the addresses as stated on the attached service list.

10

| | |
|---|---|
| Ivy Kagan Bierman, Esq.<br>Email: ibierman@loeb.com<br>Ramon Ramirez, Esq.<br>Email: rramirez@loeb.com<br>LOEB & LOEB LLP<br>10100 Santa Monica Boulevard, Suite 2200<br>Los Angeles, California 90067<br>Telephone: 310.282.2000<br>Facsimile: 310.282.2200 | Attorney for Defendants  CF ENTERTAINMENT, COMICS UNLEASHED PRODUCTIONS, INC., ENTERTAINMENT STUDIOS, INC. and BYRON ALLEN FOLKS |

16

17     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 17, 2013, at Torrance, California.

18

19

20     Dana Joudi

21

22

23

24

25

26

27

28

LAW OFFICES OF
MATTHEW J. MATERN
3655 TORRANCE BLVD.,
SUITE 315
TORRANCE, CA 90503

1

PROOF OF SERVICE

Exhibit B, Page 81

UNITED S~~ES DISTRICT COURT, CENTRAL DISTRICT OF C~~ORNIA
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Bernadette Pauley, an individual, on behalf of herself and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Screen Actors Guild-American Federation of Television and Radio Artists, et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Matthew J. Matern (424) 247-1172
Law Offices of Matthew J. Matern
3655 Torrance Boulevard, Suite 315
Torrance, CA 90503

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Ira Gottlieb (818) 973-3200
Bush Gottlieb Singer Lopez Kohanski Adelstein & Dickinson
500 N. Central Avenue, Suite 800
Glendale, CA 91203

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*Breach of Duty of Fair Representation*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property |  | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** |  |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations |  |
|  | ☐ 220 Foreclosure |  | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act |  |
|  |  |  | ☐ 448 Education | ☒ 790 Other Labor Litigation |  |
|  |  |  |  | ☐ 791 Employee Ret. Inc. Security Act |  |

**FOR OFFICE USE ONLY:**    Case Number: ~~CV13-08012~~

CV-71 (09/13)                    CIVIL COVER SHEET                    Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes  [ ] No | [x] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes  [x] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _~signature~_   DATE:   October 29, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |